FILED IN MY OFFICE
DISTRICT COURT CLERK
10/24/2014 12:09:33 PM
STEPHEN T. PACHECO
Cynthia Romero

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

SOUTHWEST COUNSELING CENTER, INC.

    Plaintiff,

vs.                                               No. D-101-CV-2014-02319

THE HUMAN SERVICES DEPARTMENT OF
THE STATE OF NEW MEXICO,
OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT, VIOLATION OF 42 U.S.C. § 1983, AND VIOLATION OF THE INSPECTION OF PUBLIC RECORDS ACT

    Plaintiff Southwest Counseling Center, Inc. ("SWCC") complains of Defendants as follows:

### The Parties, Jurisdiction, and Venue

    1.    SWCC is a New Mexico non-profit corporation which provides behavioral healthcare services to New Mexico Medicaid beneficiaries through contracts with the Human Services Department ("HSD").

    2.    Defendant HSD is a department of the State of New Mexico.

    3.    Defendant Office of the Attorney General for the State of New Mexico is an arm of the State of New Mexico within which is contained the Medicaid Fraud Control Unit ("MFCU") which, relevant to this action, enforces the New Mexico Medicaid Fraud Act and investigates Medicaid providers for fraud on the Medicaid program.

1

Exhibit "A"

4.    The Court, therefore, has jurisdiction over the subject matter and venue is proper in Santa Fe County pursuant to N.M.S.A. § 38-3-1(G).

### General Allegations

#### *HSD's Suspension of Medicaid Payments to SWCC Without a Hearing and MFCU's Potential Six and a Half Year Investigation Violates SWCC's Due Process Rights Under the Fourteenth Amendment to the United States Constitution*

5.    In February 2013, HSD contracted with Public Consulting Group ("PCG"), an independent contractor, to perform a Medicaid program integrity audit of fifteen behavioral healthcare providers, including SWCC (the "Audit").

6.    One of the purposes of the Audit was to determine whether there was evidence that the fifteen providers were committing fraud on the Medicaid program for HSD to make a determination about whether there was a "credible allegation of fraud" in order to justify withholding payments from the providers and referring them to MFCU for criminal investigation under 42 CFR § 455.23(a).

7.    In a June 30, 2013 audit report released to the public on February 27, 2014, the State Auditor found that HSD violated its internal policy on investigations into allegations of Medicaid fraud when HSD's Program Integrity Unit did not conduct the preliminary investigations into the fifteen behavioral healthcare providers, but the Unit's staff signed off on all fifteen referrals to MCFU.

8.    In June 2013, PCG produced a final report detailing the results of each of the fifteen provider audits. Although PCG determined that all fifteen of the audited providers failed the audit, it nonetheless concluded that there was no evidence of widespread fraud, stating: "PCG's Case File Audit **did not** uncover what it would consider to be credible allegations of fraud, nor any significant concerns related to consumer safety." (Emphasis added.)

9. HSD rejected PCG's determination that there was no credible evidence of fraud and directed that the above-quoted sentence be removed from the final report (the "Revised PCG Audit").

10. On or about June 21, 2013, HSD referred SWCC, along with the other providers, to the New Mexico Attorney General's Medicaid Fraud Control Unit ("MFCU") based on what it viewed to be "credible allegations of fraud," despite PCG's findings otherwise. HSD provided the MFCU with a copy of the Revised PCG Audit and, pursuant to its standard protocol, MFCU accepted the referrals and launched investigations into SWCC and the other audited providers.

11. On or about June 24, 2013, HSD met with all fifteen behavioral healthcare providers, including SWCC, and notified them that HSD was going to suspend Medicaid payments to all fifteen providers immediately based upon a "credible allegation of fraud" pursuant to 42 C.F.R. § 455.23(a)(1), as stated in HSD's June 24, 2013 letter to SWCC, attached as Exhibit 1.

12. HSD's June 24, 2013 letter informed SWCC that it could request an "administrative records review" within twenty days of receipt of the letter. HSD, however, gave SWCC no indication of what the "credible allegation of fraud" was or information sufficient for SWCC to respond in any meaningful way to investigate, verify, or rebut the allegation, despite that 42 C.F.R. § 455.23(a)(2)(ii) required HSD to "[s]et forth the general allegations as to the nature of the suspension action, but need not disclose any specific information concerning an ongoing investigation."

13. HSD communicated that it was prohibited from disclosing the specific nature of the allegations against each provider, but that each provider was generally accused of inappropriate use of CPT codes, unbundling of professional services, and the possible use of

deception to obtain an unauthorized benefit from both the Medicaid and SCI programs over a three-year period.

14. HSD presented each of the fifteen providers with a heavily redacted copy of an audit summary and a letter formally advising them that HSD had made a preliminary determination that there were credible allegations of fraud concerning the provider, that a criminal investigation was pending, and that pursuant to 42 C.F.R. 455.23(a)(1), HSD was suspending payment for services effective immediately.

15. Each provider was informed that the suspension of payments was "temporary" and would be in effect until (1) prosecuting authorities determined there was insufficient evidence of fraud or alleged fraud or willful misrepresentation by the provider, (2) legal proceedings related to the provider's alleged fraud or willful misrepresentation were completed, or (3) the provider applied for, and received, a "good cause" release of suspended payments.

16. By letter dated June 25, 2013, SWCC wrote a response letter to HSD, attached as Exhibit 2, timely requesting an administrative records review of the Medicaid payment suspension pursuant to 42 C.F.R. § 455.23(a). Given that HSD provided no information sufficient for SWCC to investigate, verify, or rebut the alleged "credible allegation of fraud" forming the basis for HSD's decision to suspend Medicaid payments, SWCC could not submit evidence in support of its position.

17. HSD responded to SWCC by letter on July 15, 2013, attached as Exhibit 3, and advised SWCC that its request for a good cause release of suspended payments had been denied.

18. The federal regulation allowing Medicaid payment suspension upon a "credible allegation of fraud," 42 C.F.R. § 455.23, also requires HSD to provide "administrative review" of a suspension "when state law so requires" pursuant to 42 C.F.R. § 455.23(a)(3). The

regulation, however, does not define "administrative review," but leaves it to the several States to define the scope of such a review.

19. HSD has not defined "administrative review" in its regulations applicable to Medicaid payment suspensions.

20. MFCU offered HSD a Medicaid Improvement Recommendation on or about December 23, 2009, attached as Exhibit 4, in which MFCU identified the lack of a definition for "administrative review" as the term is used in 42 C.F.R. § 455.23 in HSD's own regulations, the conflicting definitions of that term used elsewhere in Title 8 of the New Mexico Administrative Code, and recommended that HSD define "administrative review" for purposes of Medicaid payment suspensions under 42 C.F.R. § 455.23 not to include "provider hearings" under N.M.A.C. § 8.353.2.9.

21. "Provider hearings" under N.M.A.C. § 8.353.2.9 provide a modicum of due process safeguards in the form of notice of basis for the allegations, evidence to support them, right to counsel, and opportunity to be heard, to Medicaid providers upon certain adverse decisions by HSD, including Medicaid payment suspension other than those directed by MFCU pursuant to N.M.A.C. § 8.353.2.10(c)(1)(c).

22. HSD rejected MFCU's recommendation to define "administrative review" as not including "provider hearings" on or about January 21, 2010, by letter, attached as Exhibit 5.

23. The term "administrative review" as it is used in 42 C.F.R. § 455.23(a)(3), thus, remains undefined under New Mexico law.

24. As a result, SWCC and other Medicaid providers similarly situated are denied basic due process safeguards when HSD decides to suspend Medicaid payments based upon a "credible allegation of fraud" and refers the matter to MFCU.

25. HSD's suspension of payments to SWCC has lasted sixteen months so far.

26. MFCU's former director, Jody Curran, has stated in an affidavit executed on May 30, 2014, , filed in State *ex rel* The New Mexico Foundation for Open Government v. Russell, No. D-101-CV-2013-02436, attached hereto as Exhibit 6, that it could take up to six and a half years to complete the investigations of the thirteen remaining providers, including SWCC, who have not been cleared by MFCU.

27. On November 25, 2013, the Honorable Raymond Ortiz, First Judicial District Court, issued an order in New Mexico Psychiatric Services, Inc. v Human Services Department, No. D-101-CV-2012-02787, attached as Exhibit 7, in which the Court ruled that HSD's suspension of Medicaid payments to the plaintiff behavioral healthcare provider for eighteen months was not "temporary" as the term is used in 42 C.F.R. 455.23(a)(4) and failure of HSD to grant a "provider hearing" violated the provider's due process rights under the Fourteenth Amendment.

28. HSD has withheld in excess of $1,250,000 from SWCC for services rendered and billed, which financially devastated SWCC, forced SWCC to discontinue rendering services to clients, and forced SCWW to terminate all staff effective July 27, 2013.

### HSD's Refusal to Produce the PCG Audit and Correspondence Concerning SWCC Violates the Inspection of Public Records Act

29. On July 21, 2014, SWCC, pursuant to the Inspection of Public Records Act, requested from HSD by letter, attached as Exhibit 8, (1) a non-redacted copy of HSD's audit report pertaining to SWCC that was prepared by PCG in 2013, and (2) copies of all correspondence between HSD, OptumHealth, PCG, and the Attorney General's office relating to SWCC from July 1, 2012 through July 21, 2014.

30. HSD requested an extension to respond to SWCC's request until August 5, 2014, when HSD refused to produce the non-redacted copy of HSD's audit report pertaining to SWCC that was prepared by PCG in 2013, citing the "law enforcement exception" in NMSA 1978, § 14-1-2(A)(4).

31. On October 6, 2014, HSD wrote a letter to SWCC, attached as Exhibit 9, and produced some emails responsive to SWCC's request for copies of all correspondence between HSD, OptumHealth, PCG, and the Attorney General's office relating to SWCC from July 1, 2012 through July 21, 2014, withheld fifty-one responsive documents citing the "law enforcement exception" in NMSA 1978, § 14-1-2(A)(4), and promised further response by October 21, 2014.

32. As of October 21, 2014, HSD has not responded further to SWCC's July 21, 2014 request for public records.

## COUNT I

### DECLARATORY JUDGMENT FOR HSD TO CONDUCT A PROVIDER HEARING

33. There is a dispute between the parties about whether SWCC is entitled to a provider hearing under 42 C.F.R. § 455.23 in connection with HSD's Medicaid payment suspension.

34. Resolution of the foregoing dispute calls for construction of the laws and regulations of the United States and New Mexico.

35. The Court, therefore, has jurisdiction to enter a declaratory judgment resolving the foregoing dispute pursuant to the Declaratory Judgment Act, N.M.S.A. § 44-6-13.

36. The Court further has jurisdiction to grant supplemental injunctive relief under N.M.S.A. § 44-6-9, requiring HSD to comply with 42 C.F.R. § 455.23(a)(3) and grant SWCC a provider hearing pursuant to N.M.A.C. § 8.353.2.9.

## COUNT II

### 42 U.S.C. § 1983—VIOLATION OF THE FOURTEENTH AMENDMENT

37. SWCC has a Fourteenth Amendment-protected property interest in the payments which HSD has been withholding since June 2013.

38. The payment withhold of sixteen months so far is not "temporary" as contemplated by 42 U.S.C. § 455.23(c).

39. Defendants have violated SWCC's Fourteenth Amendment due process rights by withholding payments for an indefinite period of time without giving SWCC a provider hearing.

40. Defendants' violation of SWCC's Fourteenth Amendment due process rights have caused SWCC damages in an amount to be proven at trial.

## COUNT III

### VIOLATION OF THE INSPECTION OF PUBLIC RECORDS ACT

41. HSD's denial of SWCC's July 21, 2014, IPRA request set forth above violates the Inspection of Public Records Act ("IPRA"), N.M.S.A. § 14-2-1 and § 14-2-11(B)(2).

42. This Court has jurisdiction to issue an injunction requiring HSD to produce the public records over which HSD claims the "law enforcement exception" to disclosure applies, and to look for and produce public records responsive to SWCC's July 21, 2014 request.

WHEREFORE, SWCC prays for the following relief:

(1) A declaratory judgment that SWCC is entitled to a provider hearing in connection with HSD's payment suspension and a coercive degree requiring HSD to grant SWCC a provider hearing;

(2) Supplemental injunctive relief ordering HSD to grant SWCC a provider hearing;

(3) A judgment in SWCC's favor that HSD has violated the Inspection of Public Records Act, damages, costs, and reasonable attorney's fees pursuant to N.M.S.A. § 14-2-12(D);

(4) A judgment, pursuant to 42 U.S.C. § 1983, in SWCC's favor that Defendants violated SWCC's Fourteenth Amendment rights, compensatory damages in an amount to be proven at trial, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b); and

(5) Any other relief to which SWCC is entitled in this action.

Submitted by:

**DAVIS | GILCHRIST | LEE**

By: **"Electronically Filed" /s/ Bryan J. Davis**
Bryan J. Davis, Esq.
124 Wellesley Drive SE
Albuquerque, NM 87106
Tel: 505-435-9908
Fax: 505-435-9909
bryan@dglnm.com

-and-

THE DAVIS LAW FIRM, L.L.C.
Ben Davis
111 Tulane Dr. SE
Albuquerque, NM 87106
Tel: (505) 750-8742
Fax: (888) 988-0962
bdavis@tdlf-law.com

*Attorneys for Plaintiff*