FILED IN MY OFFICE
DISTRICT COURT CLERK
11/6/2014 2:18:33 PM
STEPHEN T. PACHECO
Gloria Landin

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

SOUTHWEST COUNSELING CENTER, INC.

      Plaintiff,

vs.                            No. D-101-CV-2014-02319

THE STATE OF NEW MEXICO,
THE HUMAN SERVICES DEPARTMENT OF
THE STATE OF NEW MEXICO,
OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

      Defendants.

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, VIOLATION OF 42 U.S.C. § 1983, BREACH OF CONTRACT, AND VIOLATION OF THE INSPECTION OF PUBLIC RECORDS ACT

Plaintiff Southwest Counseling Center, Inc. ("SWCC") complains of Defendants as follows:

### The Parties, Jurisdiction, and Venue

1.      SWCC is a New Mexico non-profit corporation which provides behavioral healthcare services to New Mexico Medicaid beneficiaries through contracts with the Human Services Department ("HSD"), including a MAD 335 Provider Participation Agreement.

2.      Defendant The State of New Mexico is a party to the MAD 335 Provider Participation Agreement with SWCC.

3.      HSD is a department of the State of New Mexico and a party to the MAD 335 Provider Participation Agreement with SWCC.

4.      Defendant Office of the Attorney General for the State of New Mexico is an arm of the State of New Mexico within which is contained the Medicaid Fraud Control Unit

**Exhibit "J"**

("MFCU") which, relevant to this action, enforces the New Mexico Medicaid Fraud Act and investigates Medicaid providers for fraud on the Medicaid program.

5.     The Court, therefore, has jurisdiction over the subject matter and venue is proper in Santa Fe County pursuant to N.M.S.A. § 38-3-1(G).

## General Allegations

### *HSD's Suspension of Medicaid Payments to SWCC Without a Hearing and MFCU's Potential Six and a Half Year Investigation Violates SWCC's Due Process Rights Under the Fourteenth Amendment to the United States Constitution*

6.     In February 2013, HSD contracted with Public Consulting Group ("PCG"), an independent contractor, to perform a Medicaid program integrity audit of fifteen behavioral healthcare providers, including SWCC (the "Audit").

7.     One of the purposes of the Audit was to determine whether there was evidence that the fifteen providers were committing fraud on the Medicaid program for HSD to make a determination about whether there was a "credible allegation of fraud" in order to justify withholding payments from the providers and referring them to MFCU for criminal investigation under 42 CFR § 455.23(a).

8.     In a June 30, 2013 audit report released to the public on February 27, 2014, the State Auditor found that HSD violated its internal policy on investigations into allegations of Medicaid fraud when HSD's Program Integrity Unit did not conduct the preliminary investigations into the fifteen behavioral healthcare providers, but the Unit's staff signed off on all fifteen referrals to MCFU.

9.     In June 2013, PCG produced a final report detailing the results of each of the fifteen provider audits.  Although PCG determined that all fifteen of the audited providers failed the audit, it nonetheless concluded that there was no evidence of widespread fraud, stating:

14.     HSD communicated that it was prohibited from disclosing the specific nature of the allegations against each provider, but that each provider was generally accused of inappropriate use of CPT codes, unbundling of professional services, and the possible use of deception to obtain an unauthorized benefit from both the Medicaid and SCI programs over a three-year period.

15.     HSD presented each of the fifteen providers with a heavily redacted copy of an audit summary and a letter formally advising them that HSD had made a preliminary determination that there were credible allegations of fraud concerning the provider, that a criminal investigation was pending, and that pursuant to 42 C.F.R. 455.23(a)(1), HSD was suspending payment for services effective immediately.

16.     Each provider was informed that the suspension of payments was "temporary" and would be in effect until (1) prosecuting authorities determined there was insufficient evidence of fraud or alleged fraud or willful misrepresentation by the provider, (2) legal proceedings related to the provider's alleged fraud or willful misrepresentation were completed, or (3) the provider applied for, and received, a "good cause" release of suspended payments.

17.     By letter dated June 25, 2013, SWCC wrote a response letter to HSD, attached as Exhibit 2, timely requesting an administrative records review of the Medicaid payment suspension pursuant to 42 C.F.R. § 455.23(a).   Given that HSD provided no information sufficient for SWCC to investigate, verify, or rebut the alleged "credible allegation of fraud" forming the basis for HSD's decision to suspend Medicaid payments, SWCC could not submit evidence in support of its position.

18.     HSD responded to SWCC by letter on July 15, 2013, attached as Exhibit 3, and advised SWCC that its request for a good cause release of suspended payments had been denied.

4

"PCG's Case File Audit **did not** uncover what it would consider to be credible allegations of fraud, nor any significant concerns related to consumer safety." (Emphasis added.)

10.     HSD rejected PCG's determination that there was no credible evidence of fraud and directed that the above-quoted sentence be removed from the final report (the "Revised PCG Audit").

11.     On or about June 21, 2013, HSD referred SWCC, along with the other providers, to the New Mexico Attorney General's Medicaid Fraud Control Unit ("MFCU") based on what it viewed to be "credible allegations of fraud," despite PCG's findings otherwise.  HSD provided the MFCU with a copy of the Revised PCG Audit and, pursuant to its standard protocol, MFCU accepted the referrals and launched investigations into SWCC and the other audited providers.

12.     On or about June 24, 2013, HSD met with all fifteen behavioral healthcare providers, including SWCC, and notified them that HSD was going to suspend Medicaid payments to all fifteen providers immediately based upon a "credible allegation of fraud" pursuant to 42 C.F.R. § 455.23(a)(1), as stated in HSD's June 24, 2013 letter to SWCC, attached as Exhibit 1.

13.     HSD's June 24, 2013 letter informed SWCC that it could request an "administrative records review" within twenty days of receipt of the letter.  HSD, however, gave SWCC no indication of what the "credible allegation of fraud" was or information sufficient for SWCC to respond in any meaningful way to investigate, verify, or rebut the allegation, despite that 42 C.F.R. § 455.23(a)(2)(ii) required HSD to "[s]et forth the general allegations as to the nature of the suspension action, but need not disclose any specific information concerning an ongoing investigation."

3

19.     The federal regulation allowing Medicaid payment suspension upon a "credible allegation of fraud," 42 C.F.R. § 455.23, also requires HSD to provide "administrative review" of a suspension "when state law so requires" pursuant to 42 C.F.R. § 455.23(a)(3).   The regulation, however, does not define "administrative review," but leaves it to the several States to define the scope of such a review.

20.     The MAD 335 Provider Participation Agreement incorporates the provider's right to administrative review when state law so requires under 42 C.F.R. § 455.23 and that a payment withhold based upon a credible allegation of fraud may only be "temporary."

21.     HSD has not defined "administrative review" in its regulations applicable to Medicaid payment suspensions.

22.     MFCU offered HSD a Medicaid Improvement Recommendation on or about December 23, 2009, attached as Exhibit 4, in which MFCU identified the lack of a definition for "administrative review" as the term is used in 42 C.F.R. § 455.23 in HSD's own regulations, the conflicting definitions of that term used elsewhere in Title 8 of the New Mexico Administrative Code, and recommended that HSD define "administrative review" for purposes of Medicaid payment suspensions under 42 C.F.R. § 455.23 not to include "provider hearings" under N.M.A.C. § 8.353.2.9.

23.     "Provider hearings" under N.M.A.C. § 8.353.2.9 provide a modicum of due process safeguards in the form of notice of basis for the allegations, evidence to support them, right to counsel, and opportunity to be heard, to Medicaid providers upon certain adverse decisions by HSD, including Medicaid payment suspension other than those directed by MFCU pursuant to N.M.A.C. § 8.353.2.10(c)(1)(c).

5

24.     HSD rejected MFCU's recommendation to define "administrative review" as not including "provider hearings" on or about January 21, 2010, by letter, attached as Exhibit 5.

25.     The term "administrative review" as it is used in 42 C.F.R. § 455.23(a)(3), thus, remains undefined under New Mexico law.

26.     As a result, SWCC and other Medicaid providers similarly situated are denied basic due process safeguards when HSD decides to suspend Medicaid payments based upon a "credible allegation of fraud" and refers the matter to MFCU.

27.     HSD's suspension of payments to SWCC has lasted sixteen months so far.

28.     MFCU's former director, Jody Curran, has stated in an affidavit executed on May 30, 2014, , filed in State ex rel The New Mexico Foundation for Open Government v. Russell, No. D-101-CV-2013-02436, attached hereto as Exhibit 6, that it could take up to six and a half years to complete the investigations of the thirteen remaining providers, including SWCC, who have not been cleared by MFCU.

29.     On November 25, 2013, the Honorable Raymond Ortiz, First Judicial District Court, issued an order in New Mexico Psychiatric Services, Inc. v Human Services Department, No. D-101-CV-2012-02787, attached as Exhibit 7, in which the Court ruled that HSD's suspension of Medicaid payments to the plaintiff behavioral healthcare provider for eighteen months was not "temporary" as the term is used in 42 C.F.R. 455.23(a)(4) and failure of HSD to grant a "provider hearing" violated the provider's due process rights under the Fourteenth Amendment.

30.     HSD has withheld in excess of $1,250,000 from SWCC for services rendered and billed, which financially devastated SWCC, forced SWCC to discontinue rendering services to clients, and forced SCWW to terminate all staff effective July 27, 2013.

*HSD's Refusal to Produce the PCG Audit*
*and Correspondence Concerning SWCC Violates the Inspection of Public Records Act*

31.     On July 21, 2014, SWCC, pursuant to the Inspection of Public Records Act, requested from HSD by letter, attached as Exhibit 8, (1) a non-redacted copy of HSD's audit report pertaining to SWCC that was prepared by PCG in 2013, and (2) copies of all correspondence between HSD, OptumHealth, PCG, and the Attorney General's office relating to SWCC from July 1, 2012 through July 21, 2014.

32.     HSD requested an extension to respond to SWCC's request until August 5, 2014, when HSD refused to produce the non-redacted copy of HSD's audit report pertaining to SWCC that was prepared by PCG in 2013, citing the "law enforcement exception" in NMSA 1978, § 14-1-2(A)(4).

33.     On October 6, 2014, HSD wrote a letter to SWCC, attached as Exhibit 9, and produced some emails responsive to SWCC's request for copies of all correspondence between HSD, OptumHealth, PCG, and the Attorney General's office relating to SWCC from July 1, 2012 through July 21, 2014, withheld fifty-one responsive documents citing the "law enforcement exception" in NMSA 1978, § 14-1-2(A)(4), and promised further response by October 21, 2014.

34.     As of October 21, 2014, HSD has not responded further to SWCC's July 21, 2014 request for public records.

## COUNT I

## DECLARATORY JUDGMENT FOR HSD TO CONDUCT A PROVIDER HEARING

35.     There is a dispute between the parties about whether SWCC is entitled to a provider hearing under 42 C.F.R. § 455.23 in connection with HSD's Medicaid payment suspension.

36.     Resolution of the foregoing dispute calls for construction of the laws and regulations of the United States and New Mexico.

37.     The Court, therefore, has jurisdiction to enter a declaratory judgment resolving the foregoing dispute pursuant to the Declaratory Judgment Act, N.M.S.A. § 44-6-13.

38.     The Court further has jurisdiction to grant supplemental injunctive relief under N.M.S.A. § 44-6-9, requiring HSD to comply with 42 C.F.R. § 455.23(a)(3) and grant SWCC a provider hearing pursuant to N.M.A.C. § 8.352.3.9.

**COUNT II**

**42 U.S.C. § 1983—VIOLATION OF THE FOURTEENTH AMENDMENT BY HSD AND OFFICE OF ATTORNEY GENERAL**

39.     SWCC has a Fourteenth Amendment-protected property interest in the payments which HSD has been withholding since June 2013.

40.     The payment withhold of sixteen months so far is not "temporary" as contemplated by 42 U.S.C. § 455.23(c).

41.     Defendants HSD and Office of the Attorney General have violated SWCC's Fourteenth Amendment due process rights by withholding payments for an indefinite period of time without giving SWCC a provider hearing.

42.     Defendants' violation of SWCC's Fourteenth Amendment due process rights have caused SWCC damages in an amount to be proven at trial.

**COUNT III**

**BREACH OF CONTRACT BY THE STATE AND HSD**

43.     The MAD 335 Participation Agreement between SWCC, the State, and HSD incorporates the provider's right to administrative review when state law so requires under 42

8

C.F.R. § 455.23 and that a payment withhold based upon a credible allegation of fraud may only be "temporary."

44. The payment withhold of sixteen months so far is not "temporary" as contemplated by 42 U.S.C. § 455.23(c).

45. Defendants the State and HSD have breached the MAD 335 Participating Provider Agreement by withholding payments for an indefinite period of time without giving SWCC a provider hearing.

46. Defendants' breach of the MAD 335 Participating Provider Agreement has caused SWCC damages in an amount to be proven at trial.

## COUNT IV

## VIOLATION OF THE INSPECTION OF PUBLIC RECORDS ACT

47. HSD's denial of SWCC's July 21, 2014, IPRA request set forth above violates the Inspection of Public Records Act ("IPRA"), N.M.S.A. § 14-2-1 and § 14-2-11(B)(2).

48. This Court has jurisdiction to issue an injunction requiring HSD to produce the public records over which HSD claims the "law enforcement exception" to disclosure applies, and to look for and produce public records responsive to SWCC's July 21, 2014 request.

WHEREFORE, SWCC prays for the following relief:

(1) A declaratory judgment that SWCC is entitled to a provider hearing in connection with HSD's payment suspension and a coercive degree requiring HSD to grant SWCC a provider hearing;

(2) Supplemental injunctive relief ordering HSD to grant SWCC a provider hearing;

(3) A judgment in SWCC's favor that HSD has violated the Inspection of Public Records Act, damages, costs, and reasonable attorney's fees pursuant to N.M.S.A. § 14-2-12(D);

(4) A judgment, pursuant to 42 U.S.C. § 1983, in SWCC's favor that Defendants HSD and Office of the Attorney General violated SWCC's Fourteenth Amendment rights, compensatory damages in an amount to be proven at trial, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b);

(5) a judgment in SWCC's favor that Defendants the State and HSD breached the MAD 335 Participating Provider Agreement and caused SWCC damages in an amount to be proven at trial; and

(6) Any other relief to which SWCC is entitled in this action.

Submitted by:

**DAVIS | GILCHRIST | LEE**

By: **"Electronically Filed" /s/ Bryan J. Davis**
     Bryan J. Davis, Esq.
     124 Wellesley Drive SE
     Albuquerque, NM 87106
     Tel:  505-435-9908
     Fax: 505-435-9909
     bryan@dglnm.com

     -and-

THE DAVIS LAW FIRM, L.L.C.
     Ben Davis
     111 Tulane Dr. SE
     Albuquerque, NM 87106
     Tel:  (505) 750-8742
     Fax:  (888) 988-0962
     bdavis@tdlf-law.com

*Attorneys for Plaintiff*



HUMAN SERVICES
DEPARTMENT

Susana Martinez, Governor
Sidonie Squier, Secretary

June 24, 2013

CERTIFIED MAIL

Roque Garcia CEO
Southwest Counseling Center
100 W. Griggs Avenue
Las Cruces,, New Mexico 88001

**RE: New Mexico Payment Suspension of Provider TIN # 850204142, and all corresponding
provider numbers.**

Dear Roque Garcia CEO,

The New Mexico Medicaid agency, the Human Services Department (HSD), has determined as a
preliminary matter that there is a credible allegation of fraud involving your organization for
which a law enforcement investigation is pending. Therefore, HSD must suspend Medicaid,
non-Medicaid (Behavioral Health Collaborative services), and State Coverage Insurance (SCI)
payments paid to you issued through OptumHealth New Mexico and/or the New Mexico
Medicaid Program, including its SCI managed care organizations, effective immediately. This
action is taken pursuant to 42 C.F.R. §455.23(a)(1), which mandates that, "[t]he State Medicaid
agency must suspend all Medicaid payments to a provider after the agency determines there is a
credible allegation of fraud for which an investigation is pending under the Medicaid program
against an individual or entity ....". In addition and for purposes of this letter, HSD has accepted
this mandate for non-Medicaid payments provided through the Behavioral Health Collaborative
and the SCI managed care organizations.

The check withhold is temporary, as stated in paragraph (c) of 42 C.F.R. 455.23, and only until:
(1) The prosecuting authorities determine that there is insufficient evidence of fraud or alleged
fraud or willful misrepresentation by the provider; or (2) Legal proceedings related to the
provider's alleged fraud or willful misrepresentation are completed.

HSD received an allegation of suspicious activity related to the services provided and/or claims
submitted by your provider organization. Accordingly, HSD retained the services of an outside
contractor, Public Consulting Group Inc. who conducted a preliminary investigation and
presented to HSD sufficient information to warrant the referral for a full investigation by law
enforcement officials. Consequently, HSD referred this case to the Medicaid Fraud Control Unit
(MFCU) of the New Mexico Attorney General's Office (see 42 C.F.R. §455.23(d)). Any further
investigation and/or subsequent proceedings related to the allegation(s) will be directed by
MFCU. Therefore, please be advised that any and all inquiries regarding the allegation of fraud
originally received by HSD must now be directed to MFCU.



**EXHIBIT**
**1**

HSD is prohibited from disclosing the specific nature of the allegations due to the pending investigation by MFCU. However, as a general matter, the allegation involves activities over the past three years involving inappropriate use of various CPR codes, unbundling of professional services, and the possible use of deception to obtain an unauthorized benefit from the Medicaid, Collaborative and SCI programs.

Pursuant to 42 C.F.R. §455.23 (e) and (f), "Good cause" to release a check withhold in whole or in part may be determined at the discretion of HSD. HSD will consider a finding of "good cause" where:

1. MFCU requests the release of a check withhold or declines to pursue the case;
2. A release in whole or in part is in the best interest of the Medicaid program;
3. Other remedies more quickly or effectively protect Medicaid funds (ex. posting of a bond);
4. Recipient access to items or services would be jeopardized because: (a) the provider is the sole source of services in the community, or (b) the provider serves a large number of recipients in an underserved area;
5. [only for consideration of a partial release] The allegation is solely related to a specific type of claim or a specific business unit of the provider; or
6. Written evidence submitted by the provider supports the release of a check withhold.

You may request an administrative record review within 20 calendar days of receipt of this notice to request a partial or whole good cause exception to the check hold. Enclosed is a Good Cause Request Form to submit for consideration of a "good cause" exception to release the check withhold in whole or in part. The written request must include a copy of this letter and any supporting evidence or additional documentation for reconsideration by the agency.

Sincerely,

Mark Pitcock
Deputy Director
Medical Assistance Division
Human Services Department

cc: Elizabeth Martin, CEO OptumHealth New Mexico
    Raymond Mensack, HSD Chief General Counsel
    Larry Heyeck, HSD General Counsel
    Julie Weinberg, MAD Director
    Jody Curran, AG, MFCU Director
    Everet Apodaca, MAD PI Unit Manager
    Robert Stevens, MAD/PPIB Bureau Chief
    Diana McWilliams, HSD/NMBHSD/BHC
    Miguel Ulibarri, MAD/PIIB

Encl.: Good Cause Request Form

attachment

GOOD CAUSE REQUEST
for Release of a Check Withhold

Southwest Counseling Center
100 W. Griggs Avenue,
Las Cruces,, New Mexico, 88001
TIN: 850204142

Please check the conditions of good cause that support a whole or partial release of a check withhold and briefly describe the supporting documents you've enclosed related to each circumstance:

☐ MFCU requests the release of a check withhold or declines to pursue the case

_____
_____
_____

☒ A release in whole or in part is in the best interest of the Medicaid program

See attachment
_____
_____
_____

☐ Other remedies more quickly or effectively protect Medicaid funds (ex. bond posted)

_____
_____
_____

☒ Recipient access to items or services would be jeopardized because: (a) the provider is the sole source of services in the community, or (b) the provider serves a large number of recipients in an underserved area

See attachment
_____
_____
_____

☐ [Only for consideration of a partial release] The allegation is solely related to a specific type of claim



or a specific business unit of the provider

_____
_____
_____
_____

☐  Written evidence submitted by the provider supports the release of a check withhold

_____
_____
_____
_____

By signing below I certify that the information I have provided herein is true and correct.

_____          6 / 25 / 13
Signature of Authorized Representative          (Date)

_Roque Garcia_____                  __CEO_____
Printed Full Name                               Title



100 W. Griggs Ave., Las Cruces, New Mexico 88001 ● 647-2800 ● 647-2808 FAX

Larry Heyeck
Deputy General Counsel
2009 South Pacheco
Santa Fe, NM 87504

Dear Mr. Heyeck,

This letter is written pursuant to 42 C.F.R. 455.23 to provide information for "Good Cause" to release the check withhold in whole that has been placed on Southwest Counseling Center, Inc. (Doña Ana County). The reasons are as follows:

1.  Recipient access to services would be jeopardized because a) the provider is the sole source of services in the community:

    *Southwest Counseling Center, Inc. has been the only Community Mental Health agency in Las Cruces for the past 49 years. The organization is comprehensive and for most of the adult Severely Disabling Mentally Ill population it is the only place to receive services. Southwest Counseling Center, Inc. is also the only adult CSA in Las Cruces. As the adult CSA in Las Cruces we provide services to the most difficult of all populations. Within the past couple of years Southwest Counseling Center, Inc. has been designated as the best QSR program by Optum. This meant that the quality of care philosophy continues to remain at the top of all services. For the last three years there has been one suicide of an enrolled client. And although we strive to have zero suicides, the difficult population and the number of consumers we serve each year needs be taken into consideration. The mission of Southwest Counseling Center, Inc. continues to remain " to provide the highest quality of Behavioral Health Services with compassion and respect and in a manner that enhances recovery and resiliency"*
    *Currently the agency is providing services to 2,008 clients but at any given time the number served can raise to well over 3,000. The following are the list of services we provide.*

    - *Outpatient therapy: Individual and group by masters level therapist*
    - *Substance abuse counseling: Individual and group by licensed counselor.*
    - *DWI school*
    - *In-home services to the Seriously Emotionally Disturbed youth*
    - *Psychiatric, Nursing and Medical Services*
    - *In-agency pharmacy for better med compliance*

- *Comprehensive Community Support Services for both youth and adults*
- *Behavioral Management Skills Development Services for the at risk youth.*
- *Psychosocial Rehabilitation Program*
- *Transitional Living Program: Indicated by Optum as the best TLC in the state in 2012 as judged by average length of stay.*
- *Assertive Community Treatment (ACT): ACT has been at Southwest Counseling Center, Inc. since 2009. This is the only ACT program in the southern part of the state. Average admissions into hospitals have dropped by approximately 35% since this program first began.*
- *Mobile Crisis: This is also the only program of this type in the southern part of the state. The police often call us and work closely with our staff to help a Consumer in Crisis.*

2.  A release in whole is in the best interest of the Medicaid program:

*There are many private practitioners in the area but none that will take the most vulnerable populations and provide comprehensive services. We are the sole community provider of these services. It is not in the best interest of Medicaid and most importantly the consumers receiving the services if they are to be transferred or dropped abruptly. Southwest Counseling Center, Inc. currently has only enough money to remain open for approximately 3 weeks if there is no money released. Southwest Counseling Center, Inc. is willing to work on any of the suggestions that were discussed in the audit summary. We also began a complete audit of our records to see if we can locate the issues within our agency.*

Please respond as soon as possible.

Sincerely,

Roque Garcia
Chief Executive Officer

P. 1

* * * Communication Result Report ( Jun. 25. 2013  5:22PM ) * * *

Date/Time: Jun. 25. 2013  5:21PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2005 | Memory TX | 9-15058277729-10234 | P.   7 | OK | |

```
Reason for error
    E. 1) Hang up or line fail            E. 2) Busy
    E. 3) No answer                       E. 4) No facsimile connection
    E. 5) Exceeded max. E-mail size
```



*Southwest Counseling Center is dedicated to providing the highest quality Behavioral Health Services delivered with compassion and respect, and in a manner that enhances recovery and resiliency.*

## FAX COVER SHEET

| | |
|---|---|
| Date: | June 25, 2013 |
| To: | Lony Hoyack, HSD General Counsel |
| Company: | HSD |
| Fax: | 505-827-7729 |
| Phone: | |
| From: | Roque Garcia, CEO |
| Phone: | 575-647-2862 |
| Pages (Including Cover): | 7 |
| Message: | |

The information has been disclosed to you from records whose confidentiality is protected by federal law. Federal regulations [42 C.F.R. Part 2] prohibit you from making any further disclosure without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is not sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient [42 C.F.R. L33]

This transmittal is confidential and may accompany documents contain medical information that is privileged and confidential. It is being transmitted in accordance with a medical emergency and is intended only for the use of the individual originally named above.

If the reader of this message is not the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address above by the U.S. Postal Service.

**Please call (575) 647-2860 if there are any difficulties with this transmission.**



HUMAN SERVICES
DEPARTMENT

Susana Martinez, Governor
Sidonie Squier, Secretary
Julie B Weinberg, Director

July 15, 2013

Roque Garcia, CEO
Southwest Counseling Center
100 W. Griggs Avenue
Las Cruces, New Mexico 88001

TIN # 850204142
NPI # 1790721611

Dear Roque Garcia:

The Human Services Department (HSD), Medical Assistance Division (MAD) recently reviewed your request, dated June 25, 2013, for the consideration of a whole or partial release of a check withhold. The check withhold was initiated pursuant to 42 C.F.R. § 455.23, following the referral of a credible allegation of fraud or abuse to the Medicaid Fraud Control Unit (MFCU) of the New Mexico Attorney General's Office. HSD is not authorized to revoke the referral or to act on behalf of law enforcement agencies, but may act to determine whether good cause exists to support the full or partial release of the check withhold. Responsive to your submissions, HSD, Program Policy and Integrity Bureau determined that the Payment Suspension (Check Withhold) shall:

X       Continue as Previously Stated. HSD must continue suspend Medicaid, non-Medicaid (Behavioral Health Collaborative services), and State Coverage Insurance (SCI) payments paid to you issued through OptumHealth New Mexico and/or the New Mexico Medicaid Program, including its other Managed Care Organizations.

☐       Be Fully Released

☐       Be Partially Released, as follows:

_____

_____

This determination is based on the following findings:

X       The Check Withhold IS generally in the best interest of the Medicaid program.
☐       The Check Withhold IS NOT fully in the best interest of the Medicaid program:
        ☐       Recipient access to items and services will be jeopardized because:
                (a) Provider is the sole source of services in the community; or
                (b) Provider serves a large number of recipients in an underserved area.

EXHIBIT
3

    ☐  Medicaid funds are more quickly or effectively protected by:

            _____ [ex. bond posted].

    ☐  MFCU requested the check withhold released

    ☐  Law enforcement agencies declined to pursue the case

  ☐   [ONLY for a Partial Release] The focus of the case is solely on a specific type of claim or involving a specific business unit of a provider;

  ☐   A release of the check withhold is supported by the evidence submitted for consideration.

Any further investigation and/or subsequent proceedings related to the credible allegation(s) will be directed by MFCU (or other law enforcement agency). Therefore, please be advised that any and all inquiries regarding the allegation of fraud originally received by HSD must now be directed to MFCU. You may contact the Attorney General's Office at 505-222-9000.

Sincerely,

Mark Pitcock
Deputy Director
Medical Assistance Division
Human Services Department

cc: Elizabeth Martin, CEO OptumHeath
  Sidonie Squire, HSD Cabinet Secretary
  Diana McWilliams, CEO Behavioral Heath Collaborative
  Raymond Mensack, HSD General Counsel
  Larry Heyeck, HSD Deputy General Counsel
  Julie Weinberg, MAD Director
  Everet Apodaca, HSD Program Integrity
  Jody Curran, AG, MFCU Director

Attorney General of New Mexico

111 Lomas Blvd. NW, Suite 300
Albuquerque, New Mexico 87102
(505) 222-9000
Fax (505) 222-9033

GARY K. KING
Attorney General

ALBERT J. LAMA
Chief Deputy Attorney General

DEC 2 8 2009

December 23, 2009

Carolyn Ingram, Director
Medical Assistance Bureau
P.O. Box 2348
Santa Fe, New Mexico 87504-2348

Dear Director Ingram:

During the course of an investigation of a New Mexico Medicaid Provider, the Medicaid Fraud Division noticed an issue relative to billing for Medicaid services that requires attention by your office. It is believed that measures can be implemented which will save Medicaid dollars and more efficiency utilize Medicaid for its intended purpose, if the attached proposal is adopted.

Enclosed you will find a detailed summary of the issues discovered, specific regulations and billing codes affected, and a recommendation as to how the Medicaid Fraud Division believes this issue can best be addressed.

Thank you for your attention to this matter. I may be reached at (505) 222-9030 if you have any questions.

Sincerely,

Elizabeth Snider
Director, Medicaid Fraud and Elder Abuse Division
Assistant Attorney General

Cc:   Case File
      LFC Quarterly Report File
      Chronological File

---

Attorney General of New Mexico
Medicaid Program Improvement Recommendation

EXHIBIT
4

| | |
|---|---|
| Date: | 12/23/2009 |
| Program Area: | ALL |
| Regulations: | Title 8 and NMAC 8.310.2.1, et seq. |
| Billing Codes: | N/A |
| Explanation: | |

The Office of the Attorney General Medicaid Fraud and Elder Abuse Division (MFEAD) has identified instances where the New Mexico Department of Human Services is giving Medicaid providers' "administrative hearings" (i.e. fair hearings) in instances where no "billing" right exists (see 8.310.2.9 NMAC, et seq).

Both Title 8 ONMAC and the Code of Federal Regulations (CFR) provide for "administrative review". The term "administrative review", which defies common statutes and regulations. Title 8 uses the term to mean a "fair hearing", "informal conference" and "reconsideration" interchangeably. See, for example, Title 8, Chapter 11, Part 3, section 8.11.3.1.12(C) which defines "administrative review" as "an informal process. It may include an administrative review or may include an informal conference or may include only a record review". In contrast, § 2.27 defines the term as a "fair hearing".

Unless this term is defined within the context of Title 8, Chapter 335, Part 2 (or a similar section), the Department will continue an otherwise generous fair hearings on unqualified issues, expending countless time and resources.

SPECIFIC INSTANCE

Children's Los Families, Inc. was a New Mexico Medicaid provider as under contract with the State pursuant to two duly executed Provider Participation Agreements, one with the Department of Health and another with the Human Services Division. The DOH contract expired by its own terms on September 30, 2005.

As investigated by the MFEAD revealed that Children's Los Families billed in the proper of some Developmental Disability waiver services provided in violation of 8.314.6 NMAC, formerly MAD-766 ("DD Waiver"), a New Mexico Department of Health Developmental Disabilities Support Division, DD Waiver definitions and service standards, and 29-17-1 et seq., NMSA, (former NMAC section 7.1.19) entitled Caregivers Criminal History

Page 1 of 5

Screening Act. The MFEAD identified 75 employees whose salaries were billed to the facility for work performed by unlicensed personnel. The services posted $3,284,669.96.

The MFEAD recommended that the Medical Assistance Division of the Human Services Department implement a direct hold based on its $3,284,669.96 overpayment pursuant to 42 CFR 455.23. A hold was implemented on September 2, 2009.

Pursuant to the appeal terms of 42 CFR 455.23(e), Colorado Las Families "may request, and must be granted, administrative review where State law so requires."

Colorado Las Familias requested an administrative hearing in accordance with 8.352.2 NMAC (Provider Hearings) to challenge the direct hold issued pursuant to 42 CFR 455.23.

Unfortunately, the Medicaid regulations as cited within Title 8, Chapter 352, Part 2 in the NMAC do not define or provide for "administrative review." Several sections within the code are:

1. 8.23.2.7 NMAC: Title 8 (Social Services), Chapter 2 (Food Assistance and Support), Part 7 (Requirements for Participation in the Child and Adult Care Food Program), which provides an "Administrative review" means the fair hearing provided upon request.

2. 8.8.3.7 NMAC: Title 8, Chapter 8 (Childhood, Youth and Families General Provisions, Part 3 (Governing Background Checks and Employment History Verification), which provides: "Administrative Review" means an internal process of reviewing a decision that includes an informal conference or hearing or a review of written records.

3. 8.8.2.7 NMAC: Title 8, Chapter 2, Part 2 (Protective Services General Policies), which provides "Administrative review" is an informal process, which may be held before an informal conference or by means of review. The administrative review does not make any substantive rights for the client."

4. 8.26.4.7 NMAC: Title 8, Chapter 26 (Foster Care and Adoption), Part 4 (Licensing Requirements for Foster and Adoptive Homes), which provides: "Administrative review" is an informal process in which any includes an informal conference or a record review, and does not convey any substantive rights for the family.

5. 8.36.2.7 NMAC: Title 8, Chapter 26, Part 2 (Placement Services), which provides: "Administrative review" is an informal process that any include an informal conference or record review, and does not convey any substantive rights for the family."

6. 8.27.2.7 NMAC: Title 8, Chapter 10 (Child Protective Services), Part 3 (Child Protective Services Investigations), which provides: "Administrative review" means an internal process that may include an informal conference or may include only a record review. The internal review confidence or any include only a record review, the administrative review process does not make any substantive rights for the client." (also see 8.11.4.10 NMAC)

7. 8.11.7 NMAC: Title 8, Chapter 11 (Adult Protective Services), Part 3 (Adult Protective Services Investigations), which provides: "An 'administrative review' is an internal process, it may include an informal conference or may include only a record review. The administrative review process does not make any substantive rights the the client." (also see 8.11.4.10 NMAC)

8. 8.26.5.13 NMAC: Title 8, Chapter 26 (Foster Care and Adoption), Part 5 (Child Placement Agency Licensing Standards), which provides: "Administrative review" is an informal process conducted by the agency director or designee, which may include an informal conference or a record review. The administrative review of any action taken or recommended against the license/permit shall be conducted by a hearing officer appointed by the department's attorney."

"Administrative review" is also mentioned within 8.302.14.7(20) NMAC (Title 8, Chapter 302, Special Services, Part 14 - Billing for Medicaid Services). In the context of Medicaid billing disputes. Unfortunately, there is other provision in which "administrative review" occurs in the context of 8.302.14.7(20) NMAC, or see. 42 CFR 455.23 and/or 8.302.14.7 NMAC.

A hearing officer appointed in the instant Colorado Las Familias case. To that hearing regulations implemented that are set forth in Title 8, Chapter 353 (Provider Hearings), Part 2 (Provider Hearings).

9. 8.16.2.7 NMAC: Title 8, Chapter 16 (Child Care Licensing), Part 2 (Child Care Centers, Out-of-School-Time Programs, Family Child Care Homes, and Other Early Care and Education Programs), which provides: "Administrative review" is an informal process requested by the provider of their service, who may include an informal review of any action taken or recommended against the license/permit shall be conducted by a hearing officer appointed by the department's attorney."

**Recommendation:**

The MFEAD maintains that it effectively and seamlessly handles the definition of "review" to mean "hearing" and incorporating it in to a hearing right when a simple application and review process would occur.

The MFEAD maintains that a definition for "administrative review" should be included in the Medicaid regulations as cited in Title 8, Chapter 353, Part 2, defining the term "administrative review" to include a "review of written records" in order to best aid for anticipatory hearings.

**Potential Savings:**                                   **$1,450,000.00**

*Sent by D. McClaskie*
*~ 2009 response to PRR*

# New Mexico Human Services Department

Bill Richardson, Governor

Medical Assistance Division
PO Box 2348
Santa Fe, NM 87504-2348
Phone: (505) 827-3103

January 21, 2010

Elizabeth Suley, Director
Medicaid Fraud and Elder Abuse Division
Assistant Attorney General
111 Lomas Blvd. NW, Suite 300
Albuquerque, New Mexico 87102

Dear Ms. Suley,

Thank you for your correspondence of December 21, 2009, which brought to our attention some issues relating to "administrative hearings" (i.e. SSI hearings).

We have reviewed the details of your concerns and have determined that while there may be a need to review the Human Services Department (HSD) Provider Policies specific to defining the term "administrative hearings", the Medical Assistance Division (MAD) does not agree that the term "administrative review" to include a "review of written records" results in savings to the Medicaid program.

As you know, the vast majority of Medicaid recipients receive their health care services through a managed care program. The components that describe for a provider "administrative review" are already built into the various managed care and coordinated care programs that MAD administers. To wit, the recommendations should have significant fiscal implications to the department since it currently requires HSD to implement a completely new process for the remaining FFS population.

For HSD to adopt these recommendations and attempt to implement an administrative review process for this small group of individuals would be counter-productive with our initiatives to offset the growing gap between available state resources and Medicaid spending costs.

The Department takes these concerns seriously and strives to assure that all Federal and State requirements are met with a high level of performance and efficient use of our resources. We will collaborate with the Benefits Services Bureau (BSB) and the HSD Office of General Counsel (OGC) to review the Provider Policies specific to provider administrative hearings and will continue, with the shared goal of the appropriate management of the Medicaid program.



Elizabeth Suley
January 21, 2010
Page two

Thank you for bringing these concerns to our attention.

Sincerely,

Carolyn Ingram, Director
HSD Medical Assistance Division

cc: Sandra Camp, M&D Quality Assurance Bureau Chief

EXHIBIT
5

STATE OF NEW MEXICO )
                     )
BERNALILLO COUNTY    )

## AFFIDAVIT OF JODY CURRAN

1.   My name is Jody Curran.  I am over the age of 18 and otherwise competent to make this affidavit.

2.   I am the Director of the Medicaid Fraud Division at the Attorney General's Office.  I will officially retire from that position on May 30, 2014.

3.   I was responsible for overseeing the investigation conducted by the Attorney General's Office of 15 mental health providers operating in New Mexico.  Those providers were the subject of an audit commissioned by the Human Services Department and performed by PCG, Inc.

4.   The Attorney General's Office has completed its investigations of two of those providers – The Counseling Center and Easter Seals El Mirador.  At the conclusion of each investigation, the Attorney General's Office determined that there was insufficient evidence to support a prosecution for Medicaid fraud and thus declined to prosecute either provider.  At the same time, the Attorney General's Office released previously-withheld portions of the PCG audit report related to each provider.

5.   The Medicaid Fraud Division is still investigating the remaining 13 providers made the subject of the PCG audit report, and the Attorney General's Office continues to withhold the portions of the PCG audit report related to those providers on the basis that the withheld documents are subject to the law enforcement exception found in the Inspection of Public Records Act.

Exhibit 1

EXHIBIT

6

6.    In terms of the reasons for maintaining the confidentiality of those portions of the PCG audit report, nothing has changed in the past six months. Making public information about an ongoing criminal investigation threatens to reveal witnesses, methods, and other information that must remain sealed in order to protect the integrity of the investigation. In this case, the release of the information being withheld would reveal information to the targets of the investigations that would seriously hamper the Attorney General's ability to conduct those investigations. Most particularly, the information identifies key witnesses concerning the potentially fraudulent conduct of the targets, some of the Medicaid billing codes that have raised questions and require further investigation, and the kinds of documents that investigators will be reviewing to determine whether the provider has committed Medicaid fraud.

7.    Making this kind of information available to the target of an ongoing investigation makes it far too easy -- if not likely -- for the target to sanitize its files and either coordinate with witnesses to provide false testimony or arrange for the unavailability of those witnesses. These concerns persist with the 13 providers still under investigation and will persist until those investigations are complete.

8.    I am hesitant to guess as to the length of time it will take to complete all of the remaining 13 investigations. Each investigation requires a detailed review of thousands of pages of documents and hours of interviews with several witnesses. Each investigation is, of course, unique, making it particularly difficult to estimate the time necessary to complete them all. That said, the Attorney General's Office completed two investigations in one year. At that pace, all 13 remaining investigations would be complete within 6 and ½ years.

2

I swear that the foregoing is based on my personal knowledge and is true and correct.

_____ 5/30/14

Jody Curran

Subscribed and sworn to me on May 30, 2014.

_____

Notary Public

OFFICIAL SEAL
ARLEEN C. SERRATO
Notary Public
State of New Mexico
My Comm. Expires 3/01/2015

My commission expires: 3/01/2015

3

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/25/2013 3:12:26 PM
STEPHEN T. PACHECO
ANO

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

NEW MEXICO PSYCHIATRIC SERVICES CORP.

      Plaintiff,

vs.                                                           No. D-101-CV-2012-02787

HUMAN SERVICES DIVISION
OF THE STATE OF NEW MEXICO

      Defendant.

**ORDER GRANTING NEW MEXICO PSYCHIATRIC SERVICES CORPORATION'S**
**MOTION FOR SUMMARY JUDGMENT ON ITS REQUEST FOR DECLARATORY**
**JUDGMENT AND SUPPLEMENTAL RELIEF UNDER THE DECLARATORY**
**JUDGMENT ACT, NMSA 1978, § 44-6-1, et seq.**

The Court, having considered Plaintiff New Mexico Psychiatric Services Corp.'s Motion

for Summary Judgment on Its Request for Declaratory Judgment and Supplemental Relief Under

the Declaratory Judgment Act, NMSA 1978, § 44-6-1, filed October 10, 2012, Defendants'

Response, filed May 1, 2013, Plaintiff's Reply, filed May 28, 2013, and arguments of counsel at

the hearing on September 4, 2013, hereby grants Plaintiff's Motion as follows:

1. When Defendant withholds Medicaid payments from a provider based upon a "credible

   allegation of fraud" under 42 C.F.R. 455.23(a)(1), the withhold must be "temporary"

   pursuant to 42 C.F.R. 455.23(a)(4).

2. Defendant instituted a Medicaid payment withhold against Plaintiff under 42 C.F.R.

   455.23(a)(1) on February 20, 2012. Nearly eighteen (18) months have passed since the

   payment withhold was instituted without Defendant providing any hearing or other post-

   deprivation mechanism for Plaintiff to challenge the "credible allegation of fraud"



EXHIBIT
**7**

1

supporting the payment withhold. This length of time is not "temporary" as the term is used in 42 C.F.R. 455.23(a)(4).

3.  Plaintiff, therefore, has a protected property interest in the withheld Medicaid payments which cannot be denied Plaintiff without due process of law under the Fourteenth Amendment to the United States Constitution.

4.  42 C.F.R. 455.23(a)(3) provides that "[a] provider may request, and must be granted, administrative review where State law so requires."

5.  "Administrative review" in 42 C.F.R. 23(a)(3) means a "provider hearing" as defined in NMAC § 8.353.2.9, when, as in this case, the Medicaid payment withhold has been in effect for longer than a "temporary" period.

Accordingly, upon entry of this Order, Defendant must provide Plaintiff a "provider hearing" pursuant to NMAC § 8.353.2.9, including but not limited to the information and documents required under NMAC § 8.353.2.11(I). The scope of the hearing is modified from NMAC § 8.353.2.10(C)(1)(c) insofar as the exception therein to the issue "of the withholding of medicaid payments by MAD when the action is directed by the state's medicaid fraud control unit" is not in effect given the Court's ruling that Plaintiff is entitled to "administrative review" of the payment withhold based upon a "credible allegation of fraud." In other words, the evidence supporting the "credible allegation of fraud" which triggered the payment withhold are at issue in the provider hearing.

IT IS SO ORDERED.

Judge Raymond Z. Ortiz
District Court Judge

Submitted by:

DAVIS, GILCHRIST & LEE, P.C.

By: _____
Bryan J. Davis
124 Wellesley Drive, S.E.
Albuquerque, New Mexico 87106

*Attorneys for Plaintiff*

Approved by:

NEW MEXICO HUMAN SERVICES DEPARTMENT

By: _telephonic approval 11/25/13_
Raymond M. Mensack
General Counsel, HSD
P.O. Box 2348
Santa Fe, NM 87504-2348

3



100 W. Griggs Ave., Las Cruces, New Mexico 88001 o 847-2800 o 847-2898 FAX

July 21, 2014


New Mexico Human Services Department
Attention: Jonni Lu Pool
Special Projects Manager
P.O. Box 2348
Santa Fe, NM. 87504

Dear Jonni Lu Pool:

We are officially requesting the following information on behalf of *Southwest Counseling Center*:

1.  A copy of the State of NM, Human Services Department, behavioral health audit final non-redacted report (specific to Southwest Counseling Center) conducted and prepared by Professional Consulting Group (PCG) and provided to HSD on or about June 2013.

2.  Copies of all correspondence between HSD, OptumHealth, PCG and Attorney General's officials specific to Southwest Counseling Center for the time period July 1, 2012 to present.

Please respond by email: rgarcia@rgbhs.org

Sincerely,

Roque Garcia
CEO Southwest Counseling Center

EXHIBIT
8



HUMAN **SERVICES**
D E P A R T M E N T
Susana Martinez, Governor
Sidonie Squier, Secretary

October 6, 2014

Roque Garcia, CEO
Southwest Counseling Center
100 W. Griggs Avenue
Las Cruces, NM 88001

Via email to: rgarcia@rgbhs.org

Re:    New Mexico Inspection of Public Records Act Request

Dear Mr. Garcia:

This is in response to your request under the Inspection of Public Records Act, in which you asked for:

> 1. A copy of the State of NM, Human Services Department, behavioral health audit final non-redacted report (specific to Southwest Counseling Center) conducted and prepared by Professional Consulting Group (PCG) and provided to HSD on or about June 2013.
>
> 2. Copies of all correspondence between HSD, OptumHealth, PCG and Attorney General's officials specific to Southwest Counseling Center for the time period July 1, 2012 to present.

HSD response:

1.    By letter dated August 5, 2014, I informed you that HSD will not provide a document responsive to this request. The New Mexico Attorney General's office still considers the unreleased portions of the referenced audit to fall under the law enforcement exemption of the Inspection of Public Records Act (Section 14-1-2(A)(4) NMSA), and has not authorized the department to release the document you request. The department intends to comply with the Attorney General's request to continue to withhold the document. The audit, including the portion pertaining to Southwest Counseling Center, remains under review by state and federal law enforcement agencies for possible action. This matter has been analyzed and ruled upon in the following cases: *In the Matter of NM Human Services Department Fiscal Year 2013 Audit*, D-101-CV-2013-02395 and *New Mexico In Depth, et al. v. New Mexico Human Services Department*, D-307-CV-2013-02025. Natalie Bruce, Assistant General Counsel for the Human Services Department, is responsible for the denial of this request.

2.    Documents responsive to this request are in the email that transmits this letter. Fifty-one documents have been withheld under the work product privilege and/or because they relate to the Attorney General's ongoing investigation and therefore fall under the law

**EXHIBIT**

9

Roque Garcia
Page 2
October 6, 2014



enforcement exemption of the Inspection of Public Records Act (Section 14-1-2(A)(4)
NMSA); some documents may be redundant as they are email strings involving multiple
people.  Natalie Bruce, Assistant General Counsel for the Human Services Department, is
responsible for the withholding of these documents. Material that may contain additional
documents responsive to your request is still under review; I will send a follow-up
response or additional release by October 21.

Thank you,

Jonni La Pool
Public Records Custodian
jonni.pool@state.nm.us
505.476.6866