IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST COUNSELING CENTER, INC.

        Plaintiff,

vs.                                                                    No. 2:14-cv-01070 CG/SMV

THE HUMAN SERVICES DEPARTMENT OF
THE STATE OF NEW MEXICO, OFFICE OF
THE ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO

        Defendant.

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT, VIOLATION OF 42 U.S.C. § 1983, BREACH OF
CONTRACT, AND VIOLATION OF THE INSPECTION OF PUBLIC RECORDS ACT**

        Comes now, Defendants The State of New Mexico, The State of New Mexico Human

Services Department ("HSD"), and the Attorney General of the State of New Mexico ("AGO"

and, collectively with State and HSD, the "Defendants") through undersigned counsel, and

hereby submit their Answer to Plaintiff's First Amended Complaint ("Complaint") as follows:

        Defendants deny each and every allegation contained in the Complaint except as

hereinafter may be expressly admitted.

        In response to the numbered paragraphs and sentences of the Complaint, Defendants

admit, deny, or otherwise respond as follows:

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of

      the allegations in paragraph 1 of the Complaint, including its reference to a contract between

      the Plaintiff and HSD that is not attached to the Complaint as an exhibit, and on that basis

      hereby denies them.

2.  As the allegation in paragraph 2 contains the Plaintiff's characterization of a document that is not attached to the Complaint as an exhibit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 2, and on that basis hereby deny it.

3.  Defendants admit the allegations in paragraph 3 that HSD is a department of the State of New Mexico. As the remaining allegation in paragraph 3 contains the Plaintiff's characterization of a document that is not attached to the Complaint as an exhibit, Defendants are without knowledge or information sufficient to form a belief as to the truth of that allegation, and on that basis hereby deny it.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 of the Complaint, and on that basis hereby deny it.

5.  Defendants deny the allegations in paragraph 5.

6.  Defendants admit the allegation in paragraph 6 that HSD entered into a contract with Public Consulting Group, Inc. ("PCG"), a copy of which is attached hereto as Exhibit A.

7.  Defendants deny the allegations in paragraph 7.

8.  As the allegations in paragraph 8 contain the Plaintiff's characterization of a document that is not attached to the Complaint as an exhibit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis hereby deny them.

9.  As the allegations in paragraph 9 contain the Plaintiff's characterization of a document that is not attached to the Complaint as an exhibit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis hereby deny them.

2

10.  Defendants deny the allegations in paragraph 10, including the existence of a "Revised PCG Audit."

11. Defendants admit the allegation in the first sentence of paragraph 11 that HSD referred SWCC and fourteen other providers to the AGO based on credible allegations of fraud, but deny the allegations that PCG made any findings otherwise. Defendants admit the allegation in the second sentence that HSD provided the AGO with a copy of an audit performed by PCG and that the AGO accepted the referral, but denies both the existence of a "Revised PCG Report" and that the acceptance by the AGO was "pursuant to its standard protocol."

12. Defendants deny the allegation in paragraph 12 that the letter attached to the Complaint as Exhibit 1, which speaks for itself, states that HSD "was going to suspend Medicaid payments to all fifteen providers," but admit the remaining allegations in the paragraph.

13. Defendants admit the allegation in paragraph 13 that HSD issued the letter attached to the Complaint as Exhibit 1, which speaks for itself. The remainder of the paragraph is legal argument and thus not a factual allegation to which an answer is required. To the extent it is a factual allegation, Defendants hereby deny it.

14. As the allegations in paragraph 14 contain the Plaintiff's characterization of an "HSD communica[tion]" that is not attached to the Complaint as an exhibit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis hereby deny them.

15. As the allegations in paragraph 15 contain the Plaintiff's characterization of documents that are not attached to the Complaint as exhibits, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis hereby deny them.

16. As the allegations in paragraph 16 contain the Plaintiff's characterization of information that was allegedly provided to "[e]ach provider" by person or persons unknown, which information is not attached to the Complaint as an exhibit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis hereby deny them.

17. Defendants admit the allegation in the first sentence of paragraph 17 that the letter attached to the Complaint as Exhibit 2 was provided to HSD, but deny Plaintiff's characterization of its contents. The remainder of the paragraph is legal argument and thus not a factual allegation to which an answer is required. To the extent it is a factual allegation, Defendants hereby deny it.

18. Defendants admit that HSD responded to Plaintiff by letter, a copy of which is attached to the Complaint as Exhibit 3, which speaks for itself.

19. The allegations in paragraph 19 contain legal argument, i.e., the Plaintiff's characterization of the federal regulation, which speaks for itself and to which no response is required.

20. As the allegations in paragraph 20 contain the Plaintiff's characterization of a document that is not attached to the Complaint as an exhibit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and hereby deny them.

21. The allegations in paragraph 21 contain legal argument, i.e., the Plaintiff's characterization of Title 8 of the New Mexico Administrative Code, which speaks for itself and to which no response is required.

22. Defendants admit the allegation in paragraph 22 that HSD received the document attached to the Complaint as Exhibit 4 from the AGO, which speaks for itself. Defendants deny the

remaining allegations in paragraph 22, including any characterizations of the contents or intent of the recommendation made by the AGO.

23. Paragraph 23 is legal argument and thus is not a factual allegation to which a response is required. To the extent it is a factual allegation, Defendants deny it.

24. Defendants admit that HSD responded to the AGO, a copy of which correspondence is attached to the Complaint as Exhibit 5, which speaks for itself, and for which no response is required. Defendants deny the remaining allegations in paragraph 24, including any characterizations regarding the correspondence. Additionally, Defendants aver that the letter and its contents were issued to insure compliance with Federal and State law.

25. Paragraph 25 is grammatically infirm and thus vague. Further, Defendants do not have enough information to state that "administrative review" is not defined somewhere in the corpus of "New Mexico law."

26. Paragraph 26 is legal argument and thus is not a factual allegation to which an answer is required. To the extent it is a factual allegation, Defendants deny it. In addition, Plaintiff's claim of a due process violation by Defendant HSD is barred by the doctrine of collateral estoppel. Plaintiff is one of eight plaintiffs in the matter captioned *Border Area Mental Health Services, Inc., et al. v. Squier*, 13-cv-00613 MCA/WPL, a complaint for injunctive relief under the Civil Rights Act that was filed in the United States District Court for the District of New Mexico on July 3, 2013. The Honorable M. Christina Armijo, Chief United States Judge, in an Order denying plaintiffs' Motion for a Temporary Restraining Order, held that "each Plaintiff received a letter advising that its request for a good cause release ha[d] been denied" and that "[u]nder New Mexico law no further administrative review of the payment suspensions is available. NMAC 8.353.2.10(C)(1)(c)." A copy of the Court's Order, dated July 25, 2013, is attached hereto as Exhibit B.

5

27. Defendants admit the allegation in paragraph 27.

28. Defendants admit an affidavit of Jody Curran, which speaks for itself, is attached to the Complaint as Exhibit 6.  Defendants deny the remaining allegations in paragraph 28, including any characterizations of the contents of the affidavit.

29. Paragraph 29 contains legal argument, i.e., Plaintiff's characterization of an order by a state district court judge attached to the Complaint as Exhibit 7 that is as yet not ripe for appeal, has no precedential value in this matter, which speaks for itself and for which no response is required. To the extent it is a factual allegation, Defendants deny it.

30. Defendants deny the allegations in paragraph 30 that HSD withheld in excess of $1,250,000 from Plaintiff, forced Plaintiff to discontinue rendering services to clients, or forced Plaintiff to terminate all staff effective July 27, 2013. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 30 and on that basis hereby denies it.

31. Paragraph 31 contains Plaintiff's characterization of the letter attached to the Complaint as Exhibit 8, which speaks for itself and for which no response is required.

32. As the allegations in paragraph 32 contain the Plaintiff's characterization of an alleged request by HSD that is not attached to the Complaint as an exhibit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and on that basis hereby deny them.

33.  Defendants admit the allegation in paragraph 33 that HSD sent the letter that is attached to the Complaint as Exhibit 9, which speaks for itself. Defendants deny the remaining allegations in the paragraph, including Plaintiff's characterization of the contents of the letter.

34.  Defendants deny the allegation in paragraph 34. Attached hereto as Exhibits C through G are letters dated August 20, September 4, September 19, October 15, and October 27, 2014, respectively, each of with – together with the letter attached to Plaintiff's Compliant as Exhibit 9, constitute HSD's response to Plaintiff's request to inspect documents pursuant to the Inspection of Public Records Act, NMSA Section 14-2-1 *et seq*.

## COUNT I

## DECLARATORY JUDGMENT

35. Paragraph 35 is not a factual allegation and thus cannot be admitted or denied. To the extent it is a factual allegation, it is expressly denied. Further, as noted in paragraph 26 above, the Honorable M. Christina Armijo has previously determined in *Border Area Mental Health Health Services, Inc., supra*, that Plaintiff is not entitled to an administrative hearing beyond the administrative review of its good cause exception request that was denied by HSD.

36. Paragraph 36 is a conclusion of law and not a factual allegation to which an answer is required.  To the extent it is a factual allegation, it is expressly denied.

37. Defendants deny that the Court has jurisdiction to issue a declaratory judgment in this matter. In addition to the fact that the question has been previously decided, as set forth in paragraph 26 above, the Plaintiff has waived, due to laches, its right to obtain declaratory relief. Although in some circumstances an individual may bring an independent declaratory judgment action against an agency to challenge a disputed agency action as an alternative to pursuing an administrative appeal, a complaint for declaratory judgment may not be substituted for an expired right to an appeal. *Smith v. City of Santa Fe,* 2007-NMSC-055, 142 N.M. 786, 790-791,171 P.3d 300, 304-305.  Plaintiff is time-barred by the thirty (30) day

7

limitation for filing either (i) an appeal of an agency decision pursuant to Rule 1-074 or (ii) a petition for writ of certiorari under Rule 1-075, as applicable. *Id*.

38. Defendants deny that the Court has jurisdiction to grant supplemental injunctive relief under the Declaratory Judgment Act in this matter, for the reasons set forth in paragraph 37 above.

## COUNT II

## 42 U.S.C. SECTION 1983 – VIOLATION OF THE FOURTEENTH AMENDMENT

39. Defendants deny the allegation in paragraph 39, which is barred by the doctrine of collateral estoppel. In *Border Area Mental Health Services, Inc., supra*, Chief Judge Armijo concluded "that Plaintiffs' right to payment is sufficiently qualified by federal and state law and by the terms of their provider agreements such that Plaintiffs cannot be said to have a property right in immediate payment *pending investigation of credible allegations of fraud.*" Order, Exhibit B hereto, pp. 7-8 (emphasis added).

40. Paragraph 40 is legal argument, i.e., Plaintiff's interpretation of 42 U.S.C. § 455.23, which speaks for itself and to which no response is required. To the extent it is a factual allegation, it is hereby expressly denied.

41. Defendants deny the allegation in paragraph 41 which, as set forth above, is barred by the doctrine of collateral estoppel.

42. Defendants deny the allegations in paragraph 42.

## COUNT III

## BREACH OF CONTRACT

43. As the allegation in paragraph 43 contain the Plaintiff's characterization of a document that is not attached to the Complaint as an exhibit, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 43, and on that basis hereby denies them.

44. Paragraph 44 is legal argument, i.e., Plaintiff's interpretation of 42 U.S.C. § 455.23, which speaks for itself and to which no response is required. To the extent it is a factual allegation, it is hereby expressly denied.

45. As the allegation in paragraph 43 contain the Plaintiff's characterization of a document that is not attached to the Complaint as an exhibit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and on that basis hereby denies them.

46. Defendants deny the allegations in paragraph 46.

## COUNT IV

## VIOLATION OF THE INSPECTION OF PUBLIC RECORDS ACT

47. Paragraph 47 is a conclusion of law and not a factual allegation to which an answer is required.  To the extent it is factual, it is hereby expressly denied. In addition, two New Mexico district court judges, in cases captioned *New Mexico In Depth v. HSD*, No. D-307-CV-2013-02025 and *State of NM, ex rel. NM Foundation for Open Government*, No. D-101-CV-2013-02436, relied on the law enforcement exception to IPRA set forth in NMSA Section 14-2-1(A)(4) to hold on three separate occasions that HSD had not violated IPRA in refusing to publicly release an unredacted version of the PCG audit.

48. Defendants admit that this Court has jurisdiction to provide the relief sought in paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

As for their affirmative defenses, Defendants assert and states as follows:

## FIRST AFFIRMATIVE DEFENSE

At all times Defendants acted in strict accordance with federal and state law regarding the procedures regarding "credible allegations of fraud" in providing Medicaid services.

## SECOND AFFIRMATIVE DEFENSE

At all times Defendant HSD acted in strict accordance with state law regarding IPRA and its exceptions.

## THIRD AFFIMATIVE DEFENSE

Plaintiff failed to state a claim upon relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of collateral estoppel.

**WHEREFORE**, Defendants pray for:

An entry of judgment against Plaintiff and in favor of Defendants with respect to Plaintiff's First Amended Complaint for Declaratory Judgment, Violation of 42 U.S.C. § 1983, Breach of Contract, and Violation of Inspection of Public Records Act;

A denial of all remedies sought by Plaintiff in the Complaint;

A dismissal of each Count set forth in the Complaint with prejudice; and

Any further relief for Defendant HSD that the Court may deem just and proper.

Respectfully submitted:

STATE OF NEW MEXICO
HUMAN SERVICES DEPARTMENT

By: "Electronically Filed" Raymond W. Mensack
  Raymond W. Mensack
  Deputy General Counsel, HSD
  P.O. Box 2348
  Santa Fe, N.M. 87504-2348
  (505) 827-1331
  (505) 827-7729
  raymond.mensack@state.nm.us

THE STATE OF NEW MEXICO and
STATE OF NEW MEXICO OFFICE OF
THE ATTORNEY GENERAL

By: GARY K. KING
  NEW MEXICO ATTORNEY GENERAL

By: "Electronically Filed" *Scott Fuqua*
  Scott Fuqua
  Assistant Attorney General
  408 Galisteo Street
  Santa Fe, New Mexico 87501
  (505) 827-6920
  (505) 827-6036
  sfuqua@nmag.com

The undersigned certifies that a copy
of the foregoing pleading was served on
all parties via U.S. Mail and electronic
mail on the date filed.

By: "Electronically Filed" /s/ Raymond W. Mensack
  Raymond W. Mensack