IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST COUNSELING CENTER, INC.,

    Plaintiff,

vs.                                                                    Civ. No. 14-1070 KG/SMV
                                                                 Consolidated with
                                                                 Civ. No. 15-0023 KG/SMV
                                                                 Civ. No. 15-0291 KG/SMV
                                                                 Civ. No. 15-0292 KG/SMV
                                                                  Civ. No. 15-0293 KG/SMV
                                                                 Civ. No. 15-0383 KG/SMV
                                                                 Civ. No. 15-0384 KG/SMV

THE STATE OF NEW MEXICO,
THE HUMAN SERVICES DEPARTMENT OF
THE STATE OF NEW MEXICO,
OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

    Defendants.

## ORDER

This matter comes before the Court upon Defendant's Motion and Memorandum in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Motion to Dismiss), filed on June 25, 2015, by Defendants New Mexico Human Services Department and Office of the Attorney General of the State of New Mexico (AGO) (collectively, State Entities). (Doc. 33). The State Entities request that the Court dismiss with prejudice Count II of the First Amended Complaint for Declaratory Judgment, Violation of 42 U.S.C. § 1983, Breach of Contract, and Violation of the Inspection of Public Records Act (First Amended Complaint) (Doc. 1-12), and to dismiss the AGO as a party. Plaintiff alleges in Count II that the State Entities violated the Fourteenth Amendment in contravention of 42 U.S.C. § 1983.

On July 13, 2015, Plaintiff responded that if the State Entities had sought its concurrence in the Motion to Dismiss, as required by D.N.M. LR-Cv 7.1(a), Plaintiff would have concurred in the Motion to Dismiss. (Doc. 38). Plaintiff requests that the Court deny the Motion to Dismiss because the State Entities did not comply with Rule 7.1(a), or, in the alternative, if the Court grants the Motion to Dismiss, Plaintiff seeks leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) to allege Section 1983 claims against specific individual state actors instead of against the State Entities. The United States Magistrate Judge subsequently held a status conference on July 21, 2015, in which counsel seemed to agree that a second amended complaint replacing the Section 1983 claims against the State Entities with Section 1983 claims against individual state actors would be appropriate in this case as well as in the other cases consolidated with this one which have Section 1983 claims that do not name individual state actors as defendants.[1]  (Doc. 41).

Although the Court will not deny the Motion to Dismiss based on the State Entities' failure to comply with Rule 7.1(a), the Court notes that Rule 7.1(a) states that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." The Court will consider sanctions for future violations of Rule 7.1(a).

The Court further finds merit in the Motion to Dismiss and will, therefore, grant the Motion to Dismiss. Additionally, the Court will allow Plaintiff to file a Rule 15(a)(2) motion to amend with respect to this case as well as the other applicable consolidated cases to bring Section 1983 claims against individual state actors. The motion to amend must be filed no later than fourteen days from the date on which the Court enters this Order.

---

[1] The Court notes that Plaintiff has already filed an amended complaint in Civ. No. 15-23 KG/SMV which alleges Section 1983 claims against individual state actors. (Doc. 31).

IT IS ORDERED that

1. Defendant's Motion and Memorandum in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted (Doc. 33) is granted;

2. Count II of the First Amended Complaint (Doc. 1-12) will be dismissed with prejudice;

3. the AGO will be terminated as a party to this lawsuit;

4. Plaintiff may file a Rule 15(a)(2) motion to amend with respect to this case and the other applicable consolidated cases to bring Section 1983 claims against individual state actors; and

5. Plaintiff must file the motion to amend no later than fourteen days from the date on which the Court enters this Order.

_____
UNITED STATES DISTRICT JUDGE