IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TEAMBUILDERS COUNSELING SERVICES, INC.

    Plaintiff,

vs.                                              No. 2:14-CV-01070 KG/SMV

THE STATE OF NEW MEXICO,
HUMAN SERVICES DEPARTMENT
OF THE STATE OF NEW MEXICO, BRENT EARNEST,
CABINET SECRETARY FOR HUMAN SERVICES
DEPARTMENT OF THE STATE OF NEW MEXICO,
SIDONIE SQUIER, FORMER CABINET SECRETARY
FOR HUMANS SERVICES DEPARTMENT OF THE
STATE OF NEW MEXICO, MARK PITCOCK,
DEPUTY DIRECTOR OF THE MEDICAL ASSISTANCE
DIVISION OF THE HUMAN SERVICES DEPARTMENT, and
JOHN DOES 1-10, in their individual capacities,

    Defendants.

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT,
VIOLATION OF 42 U.S.C. § 1983, BREACH OF CONTRACT, AND VIOLATION OF
<u>THE INSPECTION OF PUBLIC RECORDS ACT</u>**

Plaintiff TeamBuilders Counseling Services, Inc. ("TBCS") complains of Defendants as follows:

**<u>The Parties, Jurisdiction, and Venue</u>**

1. TBCS is a New Mexico non-profit corporation which provides behavioral healthcare services to New Mexico Medicaid beneficiaries through contracts with the Human Services Department ("HSD"), including a MAD 335 Provider Participation Agreement.

2. Defendant The State of New Mexico is a party to the MAD 335 Provider Participation Agreement with TBCS.

1

3. HSD is a department of the State of New Mexico and a party to the MAD 335 Provider Participation Agreement with TBCS.

4. Defendant Mark Pitcock was the Deputy Director of the Medial Assistance Division of the New Mexico Human Services Department acting within his scope of employment and under color of state law at all times relevant hereto.

5. Defendant Brent Earnest was the Deputy Secretary of HSD from March 2011 until his appointment as Cabinet Secretary on December 1, 2014, acting within his scope of employment and under color of state law at all times relevant hereto.

6. Defendant Sidonie Squier was the Cabinet Secretary for HSD from March 2011 until she resigned effective December 1, 2014, acting within his scope of employment and under color of state law at all times relevant hereto.

7. Defendant John Does 1-10 were employed by the State acting within the course and scope of their employment and under color of state law at all times relevant hereto. TBCS is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as John Does 1-10, and for that reason sues said Defendants, and each of them, by such fictitious names.

8. The Court, therefore, has jurisdiction over the subject matter and venue is proper in Santa Fe County pursuant to N.M.S.A. § 38-3-1(G).

## General Allegations

### *HSD's Suspension of Medicaid Payments to TBCS Without a Hearing and MFCU's Potential Six and a Half Year Investigation Violates TBCS's Federal Statutory Rights Under 42 C.F.R. § 455 And Due Process Rights Under the Fourteenth Amendment to the United States Constitution*

9. In February 2013, HSD contracted with Public Consulting Group ("PCG"), an independent contractor, to perform a Medicaid program integrity audit of fifteen behavioral healthcare providers, including TBCS (the "Audit").

10. One of the purposes of the Audit was to determine whether there was evidence that the fifteen providers were committing fraud on the Medicaid program for HSD to make a determination about whether there was a "credible allegation of fraud" in order to justify withholding payments from the providers and referring them to MFCU for criminal investigation under 42 CFR § 455.23(a).

11. In a June 30, 2013 audit report released to the public on February 27, 2014, the State Auditor found that HSD violated its internal policy on investigations into allegations of Medicaid fraud when HSD's Program Integrity Unit did not conduct the preliminary investigations into the fifteen behavioral healthcare providers, but the Unit's staff signed off on all fifteen referrals to MCFU.

12. In June 2013, PCG produced a final report detailing the results of each of the fifteen provider audits. Although PCG determined that all fifteen of the audited providers failed the audit, it nonetheless concluded that there was no evidence of widespread fraud, stating: "PCG's Case File Audit **did not** uncover what it would consider to be credible allegations of fraud, nor any significant concerns related to consumer safety." (Emphasis added.)

13. HSD rejected PCG's determination that there was no credible evidence of fraud and directed that the above-quoted sentence be removed from the final report (the "Revised PCG Audit"), which was released to the public on January 29, 2015, by the New Mexico Attorney General, and is available at http://www.nmag.gov/home/2013-behavioral-health-audit.

14. PCG, in conjunction with HSD, developed a scorecard for each provider, rating them between 1 ("Compliant") and 4 ("Significant Non-Compliance"), then used the scorecards to categorize the providers in Risk Tiers from 1 through 4 in the Revised PCG Audit as follows:

> 1 "Findings that include missing documents, etc." for which PCG recommended "Provide training and clinical assistance as needed."
>
> 2 "Significant volume of findings that include missing documents" for which PCG recommended "Provide trainings and clinical assistance as needed" and "Potentially embed clinical management to improve processes."
>
> 3 "Significant findings, including significant quality of care findings" for which PCG recommended "Provider training and clinical assistance as needed," "Potentially imbed clinical management to improve processes," and "Potential change in management.
>
> 4 "Credible Allegations of Fraud" for which PCG recommended "Mandatory change in management."

15. PCG ranked TBCS in Risk Tier 2.

16. On or about June 21, 2013, Defendants Squier, Earnest, Pitcock and John Does 1-10, acting under color of state law, made a decision to suspend Medicaid payments to TBCS based upon a "credible allegation of fraud" under 42 C.F.R. § 455.23(a)(1) without properly determining that there existed a "credible allegation of fraud" against TBCS as defined in 42 C.F.R. § 455.2:

> an allegation, which has been verified by the State, from any source, including but not limited to the following:…(1)fraud hotline complaints. (2) claims data mining. (3) Patterns identified through provider audits, civil false claims cases, and law enforcement investigations. Allegations are considered to be credible when they have indicia of reliability and the State Medicaid agency has reviewed all allegations, facts, and evidence carefully and acts judiciously on a case-by-case basis.

17. On or about June 21, 2013, HSD referred TBCS, along with the other providers, to the New Mexico Attorney General's Medicaid Fraud Control Unit ("MFCU") based on what HSD viewed to be "credible allegations of fraud," despite PCG's findings otherwise. HSD provided the MFCU with a copy of the Revised PCG Audit and, pursuant to its standard protocol, MFCU accepted the referrals and launched investigations into TBCS and the other audited providers.

18. On or about June 24, 2013, HSD met with all fifteen behavioral healthcare providers, including TBCS, and notified them that HSD was going to suspend Medicaid payments to all fifteen providers immediately based upon a "credible allegation of fraud" pursuant to 42 C.F.R. § 455.23(a)(1), as stated in HSD's June 24, 2013 letter to TBCS.

19. HSD's June 24, 2013 letter informed TBCS that it could request an "administrative records review" within twenty days of receipt of the letter. HSD, however, gave TBCS no indication of what the "credible allegation of fraud" was or information sufficient for TBCS to respond in any meaningful way to investigate, verify, or rebut the allegation, despite that 42 C.F.R. § 455.23(a)(2)(ii) required HSD to "[s]et forth the general allegations as to the nature of the suspension action, but need not disclose any specific information concerning an ongoing investigation."

20. HSD communicated that it was prohibited from disclosing the specific nature of the allegations against each provider, but that each provider was generally accused of inappropriate use of CPT codes, unbundling of professional services, and the possible use of deception to obtain an unauthorized benefit from both the Medicaid and SCI programs over a three-year period.

21. HSD presented each of the fifteen providers with a heavily redacted copy of an audit summary and a letter formally advising them that HSD had made a preliminary determination that there were credible allegations of fraud concerning the provider, that a criminal investigation

5

was pending, and that pursuant to 42 C.F.R. 455.23(a)(1), HSD was suspending payment for services effective immediately.

22. Each provider was informed that the suspension of payments was "temporary" and would be in effect until (1) prosecuting authorities determined there was insufficient evidence of fraud or alleged fraud or willful misrepresentation by the provider, (2) legal proceedings related to the provider's alleged fraud or willful misrepresentation were completed, or (3) the provider applied for, and received, a "good cause" release of suspended payments.

23. By letter dated June 26, 2013, TBCS wrote a response letter to HSD timely requesting an administrative records review of the Medicaid payment suspension pursuant to 42 C.F.R. § 455.23(a). Given that HSD provided no information sufficient for TBCS to investigate, verify, or rebut the alleged "credible allegation of fraud" forming the basis for HSD's decision to suspend Medicaid payments, TBCS could not submit evidence in support of its position.

24. HSD responded to TBCS by letter on or about July 15, 2013 and advised TBCS that its request for a good cause release of suspended payments had been denied.

25. The federal regulation allowing Medicaid payment suspension upon a "credible allegation of fraud," 42 C.F.R. § 455.23, also requires HSD to provide "administrative review" of a suspension "when state law so requires" pursuant to 42 C.F.R. § 455.23(a)(3). The regulation, however, does not define "administrative review," but leaves it to the several States to define the scope of such a review.

26. The MAD 335 Provider Participation Agreement incorporates the provider's right to administrative review when state law so requires under 42 C.F.R. § 455.23 and that a payment withhold based upon a credible allegation of fraud may only be "temporary."

27. HSD has not defined "administrative review" in its regulations applicable to Medicaid payment suspensions.

28. MFCU offered HSD a Medicaid Improvement Recommendation on or about December 23, 2009, attached as Exhibit 1, in which MFCU identified the lack of a definition for "administrative review" as the term is used in 42 C.F.R. § 455.23 in HSD's own regulations, the conflicting definitions of that term used elsewhere in Title 8 of the New Mexico Administrative Code, and recommended that HSD define "administrative review" for purposes of Medicaid payment suspensions under 42 C.F.R. § 455.23 not to include "provider hearings" under N.M.A.C. § 8.353.2.9.

29. "Provider hearings" under N.M.A.C. § 8.352.3.9 provide a modicum of due process safeguards in the form of notice of basis for the allegations, evidence to support them, right to counsel, and opportunity to be heard, to Medicaid providers upon certain adverse decisions by HSD, including Medicaid payment suspensions, except "a temporary payment suspension for credible allegations of fraud" under N.M.A.C. § 8.352.3.10(C)(1)(c).

30. HSD rejected MFCU's recommendation to define "administrative review" as not including "provider hearings" on or about January 21, 2010, by letter, attached as Exhibit 2.

31. The term "administrative review" as it is used in 42 C.F.R. § 455.23(a)(3), thus, remains undefined under New Mexico law.

32. As a result, TBCS and other Medicaid providers similarly situated are denied basic due process safeguards when HSD decides to suspend Medicaid payments based upon a "credible allegation of fraud" and refers the matter to MFCU.

33. HSD's suspension of payments to TBCS has lasted over twenty-five months so far. As Cabinet Secretary of HSD Defendant Earnest has the discretion to direct HSD to grant TBCS a provider hearing and to return the wrongfully suspended payments but has failed to do so.

34. MFCU's former director, Jody Curran, has stated in an affidavit executed on May 30, 2014, , filed in State *ex rel* The New Mexico Foundation for Open Government v. Russell, No. D-101-CV-2013-02436, attached hereto as Exhibit 3, that it could take up to six and a half years to complete the investigations of the thirteen remaining providers, including TBCS, who have not been cleared by MFCU.

35. On November 25, 2013, the Honorable Raymond Ortiz, First Judicial District Court, issued an order in New Mexico Psychiatric Services, Inc. v Human Services Department, No. D-101-CV-2012-02787, attached as Exhibit 4, in which the Court ruled that HSD's suspension of Medicaid payments to the plaintiff behavioral healthcare provider for eighteen months was not "temporary" as the term is used in 42 C.F.R. 455.23(a)(4) and failure of HSD to grant a "provider hearing" violated the provider's due process rights under the Fourteenth Amendment.

36. On January 23, 2015, in Easter Seals El Mirador v. Human Services Department, No. D-101-CV-2014-01784, First Judicial District Court, the Honorable Francis J. Mathew, granted summary judgment in the plaintiff Easter Seals El Mirador's ("ESELM") favor on the same claim under the Declaratory Judgment Act which TBCS brings here, that:

(a) the nineteen (19) month payment withhold is not "temporary" as the term is used in 42 C.F.R. 455.23(a)(4);

(b) ESELM, therefore, has a protected property interest in the withheld Medicaid payments which cannot be denied ESELM without due process of law under the Fourteenth Amendment to the United States Constitution;

(c) 42 C.F.R. 455.23(a)(3) provides that "[a] provider may request, and must be granted, administrative review where State law so requires";

(d) "Administrative review" in 42 C.F.R. 23(a)(3) means a "provider hearing" as defined in NMAC § 8.352.3.9, when, as in ESELM's case, the Medicaid payment withhold has been in effect for longer than a "temporary" period;

(e) HSD denied Plaintiff due process of law under the Fourteenth Amendment to the United States Constitution by failing to grant Plaintiff a "provider hearing" under NMAC § 8.352.3.9.

(f) HSD must provide ESELM a full "provider hearing" in which HSD has the burden of proof to prove that ESELM received a Medicaid overpayment pursuant to NMAC § 8.352.3.9, including but not limited to the information and documents required under NMAC § 8.352.3.11(I).

37. Judge Mathew's Order memorializing the January 23, 2015 ruling, attached as Exhibit 5, was entered on March 3, 2015.

38. HSD has withheld in excess of $2,000,000 from TBCS for services rendered and billed.

## COUNT I

## DECLARATORY JUDGMENT FOR HSD TO CONDUCT A PROVIDER HEARING

39. There is a dispute between the parties about whether TBCS is entitled to a provider hearing under 42 C.F.R. § 455.23 in connection with HSD's Medicaid payment suspension.

40. Resolution of the foregoing dispute calls for construction of the laws and regulations of the United States and New Mexico.

41. The Court, therefore, has jurisdiction to enter a declaratory judgment resolving the foregoing dispute pursuant to the Declaratory Judgment Act, N.M.S.A. § 44-6-13.

42. The Court further has jurisdiction to grant supplemental injunctive relief under N.M.S.A. § 44-6-9, requiring HSD to comply with 42 C.F.R. § 455.23(a)(3) and grant TBCS a provider hearing pursuant to N.M.A.C. § 8.353.2.9.

## COUNT II

## 42 U.S.C. § 1983—VIOLATION OF 42 C.F.R. § 455 AND THE FOURTEENTH AMENDMENT
## BY DEFENDANTS SQUIER, EARNEST, AND PITCOCK, AND JOHN DOES 1-10

43. TBCS has federal statutory rights under 42 C.F.R. § 455 not to have Medicaid payments suspended without a proper determination that there was a "credible allegation of fraud" and for the payment suspension to be "temporary."

44. TBCS has a Fourteenth Amendment-protected property interest in the payments which HSD has been withholding since June 2013.

45. The payment withhold of twenty-five months so far is not "temporary" as contemplated by 42 U.S.C. § 455.23(c).

46. Defendants Squier, Earnest, Pitcock and John Does 1-10, acting under color of state law, have violated TBCS's federal statutory rights under 42 C.F.R. § 455 and Fourteenth Amendment due process rights by withholding payments without properly determining that there existed a "credible allegation of fraud" against TBCS, and referring TBCS to the MFCU, which has caused the payment suspension to last for an indefinite period of time, without giving TBCS a full provider hearing.

47. These Defendants' violation of TBCS's federal statutory rights under 42 C.F.R. § 455 and Fourteenth Amendment due process rights have caused TBCS damages in an amount to be proven at trial.

## COUNT III

## BREACH OF CONTRACT BY THE STATE AND HSD

48. The MAD 335 Participation Agreement between TBCS, the State, and HSD incorporates the provider's right to administrative review when state law so requires under 42 C.F.R. § 455.23 and that a payment withhold based upon a credible allegation of fraud may only be "temporary."

49. The payment withhold of twenty-five months so far is not "temporary" as contemplated by 42 U.S.C. § 455.23(c).

50. Defendants the State and HSD have breached the MAD 335 Participating Provider Agreement by withholding payments without properly determining that there existed a "credible allegation of fraud" against TBCS, and referring TBCS to the MFCU, which has caused the payment suspension to last for an indefinite period of time, without giving TBCS a full provider hearing.

51. Defendants' breach of the MAD 335 Participating Provider Agreement has caused TBCS damages in an amount to be proven at trial.

WHEREFORE, TBCS prays for the following relief:

(1) A declaratory judgment that TBCS is entitled to a provider hearing in connection with HSD's payment suspension and a coercive degree requiring HSD to grant TBCS a provider hearing;

(2) Supplemental injunctive relief ordering HSD to grant TBCS a provider hearing;

(3) A judgment, pursuant to 42 U.S.C. § 1983, in TBCS's favor that Defendants Squier, Earnest, Pitcock and John Does 1-10 violated TBCS's federal statutory rights under 42 C.F.R. § 455 and Fourteenth Amendment rights, compensatory damages in an amount to be proven at trial, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b);

(4) a judgment in TBCS's favor that Defendants the State and HSD breached the MAD 335 Participating Provider Agreement and caused TBCS damages in an amount to be proven at trial; and

(5) Any other relief to which TBCS is entitled in this action.

Submitted by:

**DAVIS | GILCHRIST | LEE**

By: **"Electronically Filed" /s/ Bryan J. Davis**
Bryan J. Davis, Esq.
124 Wellesley Drive SE
Albuquerque, NM 87106
Tel: 505-435-9908
Fax: 505-435-9909
bryan@dglnm.com

*Attorneys for Plaintiff*