**Attorney General of New Mexico**

GARY K. KING
Attorney General

111 Lomas Blvd. NW, Suite 300
Albuquerque, New Mexico 87102

(505) 222-9075
Fax (505) 222-9131

ALBERT J. LAMA
Chief Deputy Attorney General

Assign to Sanders

DEC 28 2009

December 23, 2009

Carolyn Ingram, Director
Medical Assistance Bureau
P.O. Box 2348
Santa Fe, New Mexico 87504-2348

Dear Director Ingram:

During the course of an investigation of a New Mexico Medicaid Provider, the Medicaid Fraud Division noticed an issue relating to billing for Medicaid services that requires attention by your office. It is believed that measures can be implemented which will save Medicaid dollars and more efficiently utilize Medicaid for its intended purpose, if the attached proposal is effected.

Enclosed you will find a detailed statement of the issues discovered, specific regulations and billing codes affected, and a recommendation as to how the Medicaid Fraud Division believes that the issue can best be addressed.

Thank you for your attention to this matter. I may be reached at (505) 222-9080 if you have any questions.

Sincerely,

Elizabeth Staley
Director, Medicaid Fraud and Elder Abuse Division
Assistant Attorney General

Cc: Case File
LFC Quarterly Report File
Chronological File

---

**Attorney General of New Mexico**
**Medicaid Fraud Control Unit**

Medicaid Program Improvement Recommendation

| | |
|---|---|
| Date: | 12/23/2009 |
| Program Area: | ALL |
| Regulations: | Title 8 and NMAC 8.352.2.1, et seq. |
| Billing Codes: | N/A |
| Explanation: | The Office of the Attorney General Medicaid Fraud and Elder Abuse Division (MFEAD) has identified instances where the New Mexico Department of Human Services is giving Medicaid providers "administrative hearings" (i.e. fair hearings) in instances where no "hearing" right exists (see 8.352.2.9 NMAC, et seq.). |

Both Title 8 (NMAC) and the Code of Federal Regulations (CFR) provide for "administrative review". The term is not defined in the CFR, which defers to state statutes and regulations. Title 8 uses the term to mean a "fair hearing", "informal conference" and "records review", somewhat interchangeably. See, for example, Title 8, Chapter 11, Part 3, section 8.113.7(C), which defines "administrative review" as "an informal process. It may include an informal conference or may include only a record review". In contrast, 8.7.2.7 defines the term as a "fair hearing".

Unless this term is defined within the context of Title 8, Chapter 352, Part 2 (or a related section), the Department will continue to authorize gratuitous fair hearings on unjustified issues, expending needless time and resources.

**SPECIFIC INSTANCE**

Cuidando Las Familias, Inc. was a New Mexico Medicaid provider and under contract with the State pursuant to two duly executed Provider Participation Agreements, one with the Department of Health and another with the Human Services Division. The DOH contract expired by its own terms on September 30, 2009.

An investigation by the MFEAD revealed that Cuidando Las Familias failed to properly secure Developmental Disability waiver care providers in violation of 8.314.5 NMAC, formerly MAD-756 ("DD Waiver"), New Mexico Department of Health, Developmental Disabilities Support Division, DD Waiver definitions and service standards, and 29-17-1 et seq, NMSA (former NMAC section 7.1.9) entitled Caregivers Criminal History

Page 1 of 3

EXHIBIT 1

Screening Act. The MFEAD identified 75 caregivers whose services were billed by the facility for work performed by unscreened personnel. The services totaled $5,684,649.96.

The MFEAD recommended that the Medical Assistance Division of the Human Services Department implement a check hold based on the $5,684,649.96 overpayment pursuant to 42 CFR 455.23. A hold was implemented on September 2, 2009.

Pursuant to the express terms of 42 CFR 455.23(e), Cuidando Las Familias "may request, and must be granted, administrative review where State law so requires".

Cuidando Las Familias requested an administrative hearing in accordance with 8.352 NMAC (Provider Hearings) to challenge the check hold issued pursuant to 42 CFR 455.23.

Unfortunately, the Medicaid regulations set forth within Title 8, Chapter 352, Part 2 of the NMAC do not define or provide for the "administrative review". Several sections within the code do:

1. 8.2.2.7 NMAC Title 8 (Social Services), Chapter 2 (Food Assistance and Support), Part 2 (Requirements for Participation in the Child and Adult Care Food Program), which provides: "Administrative review' means the fair hearing provided upon request."

2. 8.8.3.7 NMAC Title 8, Chapter 8 (Children, Youth and Families General Provisions), Part 3 (Governing Background Checks and Employment History Verification), which provides: "Administrative Review means an informal process of reviewing a decision that may include an informal conference or hearing or a review of written records."

3. 8.8.2.7 NMAC Title 8, Chapter 8, Part 2 (Protective Services General Policies), which provides "Administrative review' is an informal process, which may include an informal conference or may include only a record review. The administrative review does not create any substantive rights for the client."

4. 8.26.4.7 NMAC Title 8, Chapter 26 (Foster Care and Adoption), Part 4 (Licensing Requirements for Foster and Adoptive Homes), which provides: "Administrative review" is an informal process in which may include an informal conference or a record review, and does not create any substantive rights for the family."

5. 8.26.2.7 NMAC Title 8, Chapter 26, Part 2 (Placement Services), which provides: "Administrative review' is an informal process that may include an informal conference or record review, and does not create any substantive rights for the family."

6. 8.10.2.7 NMAC Title 8, Chapter 10 (Child Protective Services), Part 2 (Child Protective Services Investigation), which provides: "Administrative review" means an informal process. It may include an informal conference or may include only a record review. The administrative review process does not create any substantive rights for the client."

7. 8.11.3.7 NMAC Title 8, Chapter 11 (Adult Protective Services), Part 3 (Adult Protective Services Investigations), which provides: 'An "administrative review" is an informal process. It may include an informal conference or may include only a record review. The administrative review process does not create any substantive rights for the client." [also see 8.11.4.10 NMAC]

8. 8.26.5.18 NMAC Title 8, Chapter 26 (Foster Care and Adoption), Part 5 (Child Placement Agency Licensing Standards), which provides "administrative review" is an informal process completed by the agency director or designee, which may include an informal conference or a record review. The administrative review does not create any substantive rights for the family."

9. 8.16.2.12 NMAC Title 8, Chapter 16 (Child Care Licensing), Part 2 (Child Care Centers, Out-of-School Time Programs, Family Child Care Homes, and Other Early Care and Education Programs), which provides: "The licensee may obtain administrative review of any action taken or recommended against the licensee/licensees. The administrative review shall be conducted by a hearing officer appointed by the department's secretary."

"Administrative review" is also referenced within 8.302.2.14(F)(3) NMAC (Title 8, Chapter 302 - Social Services, Part 2 - Billing for Medicaid Services) in the context of Medicaid billing disputes. Unfortunately, there is no clear provision of what "administrative review" means in the context of 8.302.2.1 NMAC et seq, 42 CFR 455.23 and/or 8.353.2.1 NMAC.

A hearing right was granted in the instant Cuidando Las Familias case. The fair hearing regulations implemented are set forth in Title 8, Chapter 353 (Provider Hearings), Part 2 (Provider Hearings).

The MFEAD maintains Title 8 effectively and needlessly broadens the definition of "review" to mean "hearing" and unnecessarily gives a hearing right when a simple submission and review process would suffice.

The MFEAD maintains that a definition for "administrative review" should be included in the Medicaid regulations set forth in Title 8, Chapter 353, Part 2, defining the term "administrative review" to include a "review of written records" to obviate the need for unnecessary hearings.

**Recommendation:**

**Potential Savings:** $1,500,000.00

*Sent by D. Mc Cracken*
*"2009 response Ins.pdf"*

# New Mexico Human Services Department

Bill Richardson, Governor

Medical Assistance Division
PO Box 2348
Santa Fe, NM 87504-2348
Phone: (505) 827-3103

January 21, 2010

Elizabeth Staley, Director
Medicaid Fraud and Elder Abuse Division
Assistant Attorney General
111 Lomas Blvd. NW, Suite 300
Albuquerque, New Mexico 87102

Dear Ms. Staley,

Thank you for your correspondence of December 25, 2009, which brought to our attention some issues relating to "administrative hearings" (i.e. fair hearings).

We have reviewed the details of your concerns and have determined that while there may be a need to review the Human Services Department (HSD) Provider Policies specific to "Administrative Hearings", the Medical Assistance Division (MAD) does not agree that defining the term "administrative review" to include a "review of written records" results in savings to the Medicaid program.

As you know, the vast majority of Medicaid recipients receive their health care services through a managed care program. The components you describe for a provider "administrative review" are already built into the various managed and coordinated care programs the HSD/MAD administers. Thus, this recommendation would have significant fiscal implications to the department since it would essentially require HSD to implement a completely new process for the remaining FFS population.

For HSD to adopt these recommendations and attempt to implement an administrative review process for this small group of individuals would be counter-productive with our initiatives to offset the growing gap between available state revenues and Medicaid operating costs.

The Department takes these concerns seriously and strives to ensure that all federal and State requirements are met with a high level of performance and efficient use of our resources. We will collaborate with the Benefits Services Bureau (BSB) and the HSD Office of General Counsel (OGC) to review the Provider Policies specific to provider administrative hearings and fair hearings, with the shared goal of the appropriate management of the Medicaid program.

Elizabeth Staley
January 21, 2010
Page two

Thank you for bringing these concerns to our attention.

Sincerely,

Carolyn Ingram, Director
HSD, Medical Assistance Division

cc: Sandra Chavez, MAD Quality Assurance Bureau Chief


EXHIBIT 2

STATE OF NEW MEXICO )
                    )
BERNALILLO COUNTY   )

### AFFIDAVIT OF JODY CURRAN

1. My name is Jody Curran. I am over the age of 18 and otherwise competent to make this affidavit.

2. I am the Director of the Medicaid Fraud Division at the Attorney General's Office. I will officially retire from that position on May 30, 2014.

3. I was responsible for overseeing the investigation conducted by the Attorney General's Office of 15 mental health providers operating in New Mexico. Those providers were the subject of an audit commissioned by the Human Services Department and performed by PCG, Inc.

4. The Attorney General's Office has completed its investigations of two of those providers — The Counseling Center and Easter Seals El Mirador. At the conclusion of each investigation, the Attorney General's Office determined that there was insufficient evidence to support a prosecution for Medicaid fraud and thus declined to prosecute either provider. At the same time, the Attorney General's Office released previously-withheld portions of the PCG audit report related to each provider.

5. The Medicaid Fraud Division is still investigating the remaining 13 providers made the subject of the PCG audit report, and the Attorney General's Office continues to withhold the portions of the PCG audit report related to those providers on the basis that the withheld documents are subject to the law enforcement exception found in the Inspection of Public Records Act.

Exhibit 1

**EXHIBIT 3**

6. In terms of the reasons for maintaining the confidentiality of those portions of the PCG audit report, nothing has changed in the past six months. Making public information about an ongoing criminal investigation threatens to reveal witnesses, methods, and other information that must remain sealed in order to protect the integrity of the investigation. In this case, the release of the information being withheld would reveal information to the targets of the investigations that would seriously hamper the Attorney General's ability to conduct those investigations. Most particularly, the information identifies key witnesses concerning the potentially fraudulent conduct of the targets, some of the Medicaid billing codes that have raised questions and require further investigation, and the kinds of documents that investigators will be reviewing to determine whether the provider has committed Medicaid fraud.

7. Making this kind of information available to the target of an ongoing investigation makes it far too easy – if not likely – for the target to sanitize its files and either coordinate with witnesses to provide false testimony or arrange for the unavailability of those witnesses. These concerns persist with the 13 providers still under investigation and will persist until those investigations are complete.

8. I am hesitant to guess as to the length of time it will take to complete all of the remaining 13 investigations. Each investigation requires a detailed review of thousands of pages of documents and hours of interviews with several witnesses. Each investigation is, of course, unique, making it particularly difficult to estimate the time necessary to complete them all. That said, the Attorney General's Office completed two investigations in one year. At that pace, all 13 remaining investigations would be complete within 6 and ½ years.

2

I swear that the foregoing is based on my personal knowledge and is true and correct.

_____  5/30/14
Jody Curran

Subscribed and sworn to me on May 30, 2014.

_____
Notary Public

My commission expires: 3/01/2015

OFFICIAL SEAL
ARLEEN D. SERRATO
Notary Public
State of New Mexico
My Comm. Expires 3/01/2015

3

Case 2:14-cv-01070-KG-SMV   Document 53-1   Filed 08/26/15   Page 7 of 11

```
                                                    FILED IN MY OFFICE
                                                  DISTRICT COURT CLERK
                                                   11/25/2013 3:12:26 PM
                                                   STEPHEN T. PACHECO
FIRST JUDICIAL DISTRICT COURT                              ANO
COUNTY OF SANTA FE
STATE OF NEW MEXICO
```

NEW MEXICO PSYCHIATRIC SERVICES CORP.

 Plaintiff,

vs.          No. D-101-CV-2012-02787

HUMAN SERVICES DIVISION
OF THE STATE OF NEW MEXICO

 Defendant.

## ORDER GRANTING NEW MEXICO PSYCHIATRIC SERVICES CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON ITS REQUEST FOR DECLARATORY JUDGMENT AND SUPPLEMENTAL RELIEF UNDER THE DECLARATORY JUDGMENT ACT, NMSA 1978, § 44-6-1, et seq.

The Court, having considered Plaintiff New Mexico Psychiatric Services Corp.'s Motion for Summary Judgment on Its Request for Declaratory Judgment and Supplemental Relief Under the Declaratory Judgment Act, NMSA 1978, § 44-6-1, filed October 10, 2012, Defendants' Response, filed May 1, 2013, Plaintiff's Reply, filed May 28, 2013, and arguments of counsel at the hearing on September 4, 2013, hereby grants Plaintiff's Motion as follows:

1. When Defendant withholds Medicaid payments from a provider based upon a "credible allegation of fraud" under 42 C.F.R. 455.23(a)(1), the withhold must be "temporary" pursuant to 42 C.F.R. 455.23(a)(4).

2. Defendant instituted a Medicaid payment withhold against Plaintiff under 42 C.F.R. 455.23(a)(1) on February 20, 2012. Nearly eighteen (18) months have passed since the payment withhold was instituted without Defendant providing any hearing or other post-deprivation mechanism for Plaintiff to challenge the "credible allegation of fraud"



1

supporting the payment withhold. This length of time is not "temporary" as the term is used in 42 C.F.R. 455.23(a)(4).

3. Plaintiff, therefore, has a protected property interest in the withheld Medicaid payments which cannot be denied Plaintiff without due process of law under the Fourteenth Amendment to the United States Constitution.

4. 42 C.F.R. 455.23(a)(3) provides that "[a] provider may request, and must be granted, administrative review where State law so requires."

5. "Administrative review" in 42 C.F.R. 23(a)(3) means a "provider hearing" as defined in NMAC § 8.353.2.9, when, as in this case, the Medicaid payment withhold has been in effect for longer than a "temporary" period.

Accordingly, upon entry of this Order, Defendant must provide Plaintiff a "provider hearing" pursuant to NMAC § 8.353.2.9, including but not limited to the information and documents required under NMAC § 8.353.2.11(I). The scope of the hearing is modified from NMAC § 8.353.2.10(C)(1)(c) insofar as the exception therein to the issue "of the withholding of medicaid payments by MAD when the action is directed by the state's medicaid fraud control unit" is not in effect given the Court's ruling that Plaintiff is entitled to "administrative review" of the payment withhold based upon a "credible allegation of fraud." In other words, the evidence supporting the "credible allegation of fraud" which triggered the payment withhold are at issue in the provider hearing.

IT IS SO ORDERED.

Judge Raymond Z. Ortiz
District Court Judge

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/3/2015 3:20:22 PM
STEPHEN T. PACHECO
Rachel Vannoy

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

EASTER SEALS EL MIRADOR,

    Plaintiff,

vs.                                                         No. D-101-CV-2014-01784

HUMAN SERVICES DIVISION
OF THE STATE OF NEW MEXICO

    Defendant.

## ORDER GRANTING EASTER SEALS EL MIRADOR'S MOTION FOR SUMMARY JUDGMENT ON ITS REQUEST FOR DECLARATORY JUDGMENT AND SUPPLEMENTAL RELIEF UNDER THE DECLARATORY JUDGMENT ACT

The Court, having considered Plaintiff Easter Seals El Mirador's Motion for Summary Judgment on Its Request for Declaratory Judgment and Supplemental Relief Under the Declaratory Judgment Act, NMSA 1978, § 44-6-1, filed November 6, 2014, Defendants' Response, filed November 21, 2014, Plaintiff's Reply, filed December 10, 2014, and arguments of counsel at the hearing on January 23, 2015, hereby grants Plaintiff's Motion as follows:

1. When Defendant withholds Medicaid payments from a provider based upon a "credible allegation of fraud" under 42 C.F.R. 455.23(a)(1), the withhold must be "temporary" pursuant to 42 C.F.R. 455.23(a)(4).

2. Defendant instituted a Medicaid payment withhold against Plaintiff under 42 C.F.R. 455.23(a)(1) on June 24, 2013. Nineteen (19) months have passed since the payment withhold was instituted without Defendant providing any hearing or other post-deprivation mechanism for Plaintiff to challenge Defendant's evidence in support of the "credible allegation of fraud" which triggered the payment withhold. This length of time is not "temporary" as the term is used in 42 C.F.R. 455.23(a)(4).

EXHIBIT 5

3. Plaintiff, therefore, has a protected property interest in the withheld Medicaid payments which cannot be denied Plaintiff without due process of law under the Fourteenth Amendment to the United States Constitution.

4. 42 C.F.R. 455.23(a)(3) provides that "[a] provider may request, and must be granted, administrative review where State law so requires."

5. "Administrative review" in 42 C.F.R. 23(a)(3) means a "provider hearing" as defined in NMAC § 8.352.3.9, when, as in this case, the Medicaid payment withhold has been in effect for longer than a "temporary" period.

6. Defendant denied Plaintiff due process of law under the Fourteenth Amendment to the United States Constitution by failing to grant Plaintiff a "provider hearing" under NMAC § 8.352.3.9.

7. There is no statutory or regulatory authority for Defendant to re-refer a case to the Medicaid Fraud Control Unit ("MFCU") after MFCU has concluded that there is insufficient evidence of fraud, as Defendant did in this case after MFCU cleared Plaintiff of fraud on May 5, 2014.

Accordingly, upon entry of this Order, Defendant must provide Plaintiff a full "provider hearing" in which Defendant has the burden of proof to prove that Plaintiff received a Medicaid overpayment pursuant to NMAC § 8.352.3.9, including but not limited to the information and documents required under NMAC § 8.352.3.11(I).

IT IS SO ORDERED.

                                                              Judge Francis J. Mathew
                                                              District Court Judge

Submitted by:

**DAVIS, GILCHRIST & LEE, P.C.**

By: /s/ Bryan J. Davis
    Bryan J. Davis
    124 Wellesley Drive, S.E.
    Albuquerque, New Mexico 87106

*Attorneys for Plaintiff*

Approved by:

**NEW MEXICO HUMAN SERVICES DEPARTMENT**

By: "Electronic Approval 03/03/15"
    Christopher Collins
    Raymond M. Mensack
    John Emory
    Lisa Hahn-Cordes
    General Counsel, HSD
    P.O. Box 2348
    Santa Fe, NM 87504-2348