IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST COUNSELING CENTER, INC., *et al.*,

      Plaintiffs,

vs.                                                                    Civ. No. 14-1070 KG/SMV
                                                                         Consolidated with
THE STATE OF NEW MEXICO,                              Civ. No. 15-0023 KG/SMV
HUMAN SERVICES DEPARTMENT                       Civ. No. 15-0291 KG/SMV
OF THE STATE OF NEW MEXICO, BRENT           Civ. No. 15-0292 KG/SMV
EARNEST, CABINET SECRETARY FOR HUMAN    Civ. No. 15-0293 KG/SMV
SERVICES DEPARTMENT, SIDONIE SQUIER,     Civ. No. 15-0383 KG/SMV
FORMER CABINET SECRETARY FOR HUMAN     Civ. No. 15-0384 KG/SMV
SERVICES DEPARTMENT, MARK PITCOCK,
DEPUTY DIRECTOR OF THE MEDICAL
ASSISTANCE DIVISION OF THE HUMAN SERVICES
DEPARTMENT, and JOHN DOES 1-10,
in their individual capacities,

      Defendants.

<u>ORDER STAYING DISCOVERY</u>

      This matter comes before the Court upon Consolidated Plaintiffs' Opposed Motion to

Stay Decision on Defendant's Motion to Dismiss or for Summary Judgment [Doc. 54] So That

Plaintiffs May Conduct Discovery Concerning Defendants' [sic] Sidone [sic] Squier['s], Brent

Earnest's, and Mark Pitcock's Qualified Immunity Defense, Breach of Contract Claims Against

Defendants State of New Mexico and Human Services Department, and Defendants'

Counterclaims for Breach of Contract (Motion for Discovery), filed on December 9, 2015.  (Doc.

62).  Consolidated Plaintiffs ask that the Court allow them to conduct discovery on the qualified

immunity issues raised in the Motion to Dismiss (Doc. 54) and to thereafter supplement their

response to the Motion to Dismiss.  Defendants oppose the Motion for Discovery and seek to

stay discovery pending the Court's resolution of the Motion to Dismiss.  (Doc. 63).

Consolidated Plaintiffs did not file a reply.  Having considered the Motion for Discovery and the response, the Court denies the Motion for Discovery and stays discovery as to all Defendants pending resolution of the Motion to Dismiss.

A.  *Consolidated Plaintiffs' Request for Discovery on Qualified Immunity Issues*

Consolidated Plaintiffs' request to conduct discovery regarding the qualified immunity issues raised in the Motion to Dismiss fails for one simple reason:  "Unlike a motion for summary judgment, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery."  *Morrow v. The State of New Mexico, et al.*, Civ. No. 15-00026 WJ/WPL, Order Staying Discovery (Doc. 37) at 2 (D.N.M. June 15, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 764-75 (2009)).  The Court, therefore, denies Consolidated Plaintiffs' Motion for Discovery.

B.  *Defendants' Request to Stay Discovery as to All Defendants*

Consolidated Plaintiffs anticipate in their Motion for Discovery that Defendants will seek to stay discovery as to all Defendants pending the Court's decision on the qualified immunity issues raised in the Motion to Dismiss.  Consolidated Plaintiffs argue that a stay of discovery based on pending qualified immunity issues should be restricted to only those Defendants who claim a qualified immunity defense.  Consolidated Plaintiffs cite *S.D. v. St. Johns County Sch. Dist.*, 2009 WL 4349878 (M.D. Fla.), for the proposition that a stay of discovery based on qualified immunity should not affect discovery as to defendants who do not have a qualified immunity defense.  United States Magistrate Judge William Lynch in another, but similar, case appropriately rejected reliance on *S.D.* to support a partial stay of discovery.  *Morrow*, Civ. No. 15-00026 WJ/WPL, Order Staying Discovery (Doc. 37) at 2 -3 (citing *Herrera v. Santa Fe Pub.*

*Sch.*, 2012 WL 6846393 (D.N.M.) (rejecting *S.D.*)).  In addition, the United States Supreme

Court has made clear that

> [t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to, as Judge Cabranes aptly put it, "a national and international security emergency unprecedented in the history of the American Republic."
>
> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft*, 556 U.S.at 685-86 (citations omitted).  As Judge Lynch notes, "[s]tandard practice in

this District is to stay discovery—as to all defendants—when the defense of qualified immunity

has been raised."  *Morrow*, Civ. No. 15-00026 WJ/WPL, Order Staying Discovery (Doc. 37) at

3.  The Court will, likewise, not limit a stay of discovery based on pending qualified immunity

issues to those Defendants who claim a qualified immunity defense.

Consolidated Plaintiffs further argue that a stay of discovery pending resolution of the

qualified immunity issues should not apply to Defendants Squier and Pitcock because, although

they raise the defense of qualified immunity in the Motion to Dismiss, they no longer work at the

Human Services Department (HSD) and so discovery as to them would not disrupt HSD.  As in

Judge Lynch's case, Consolidated Plaintiffs do not cite any cases which "suggest that an

official's change of employment after the actions giving rise to the suit will divest her of the

protections of qualified immunity." *Id.* Moreover, Consolidated Plaintiffs "point[] to no authority from this Circuit that support such a construction of the settled practice of staying discovery when the defense of qualified immunity has been raised." *Id.* Consolidated Plaintiffs' second argument in opposition to Defendants' request for a stay of discovery lacks merit as well. In light of the pending issues of qualified immunity raised in the Motion to Dismiss, the Court grants Defendants' request to stay discovery as to all Defendants.

IT IS ORDERED that

1.  Consolidated Plaintiffs' Motion for Discovery (Doc. 62) is denied; and

2.  discovery is stayed as to all Defendants pending the Court's resolution of the Motion to Dismiss (Doc. 54).

UNITED STATES DISTRICT JUDGE