IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST COUNSELING CENTER, INC., *et al.,*

      Plaintiffs,

vs.

THE STATE OF NEW MEXICO,
HUMAN SERVICES DEPARTMENT
OF THE STATE OF NEW MEXICO, BRENT
EARNEST, CABINET SECRETARY FOR HUMAN
SERVICES DEPARTMENT, SIDONIE SQUIER,
FORMER CABINET SECRETARY FOR HUMAN
SERVICES DEPARTMENT, MARK PITCOCK,
DEPUTY DIRECTOR OF THE MEDICAL
ASSISTANCE DIVISION OF THE HUMAN SERVICES
DEPARTMENT, and JOHN DOES 1-10,
in their individual capacities,

      Defendants.

Civ. No. 14-1070 KG/SMV
Consolidated with
Civ. No. 15-0023 KG/SMV
Civ. No. 15-0291 KG/SMV
Civ. No. 15-0292 KG/SMV
Civ. No. 15-0293 KG/SMV
Civ. No. 15-0383 KG/SMV
Civ. No. 15-0384 KG/SMV
Civ. No. 15-0651 KG/SMV
Civ. No. 15-0652 KG/SMV
Civ. No. 15-0739 KG/SMV

MEMORANDUM OPINION AND ORDER OF REMAND

THIS MATTER is before the Court upon Defendant New Mexico Human Services

Department's ("HSD") Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion

to Dismiss"); Consolidated Plaintiffs' Response ("Response"); and Defendant's Reply ("Reply").

(Docs. 54, 59, and 60).   After having considered the arguments in the Motion to Dismiss,

Response, and Reply, and for the reasons set out below, the Court GRANTS the Motion to

Dismiss, declines to exercise supplemental jurisdiction over the remaining state law claims, and

remands the remainder of this case to state court.

I.      **Background**

      A.   _Factual Allegations and Procedural Background_[1]

      Plaintiffs Southwest Counseling Center, Inc. ("SWCC"), Families & Youth, Inc., Hogares, Inc., Valencia Counseling Services Inc., TeamBuilders Counseling, Inc., Southern New Mexico Human Development, Inc., Counseling Associates, Inc., Border Area Mental Health Services, Inc., The Counseling Center, Inc., and Easter Seals El Mirador (together, "Consolidated Plaintiffs") are New Mexico non-profit corporations which provide behavioral healthcare services to New Mexico Medicaid beneficiaries through contracts with HSD, including the MAD 335 Provider Participation Agreement.   On or about June 24, 2013, HSD notified each Plaintiff separately that HSD would be immediately suspending their Medicaid payments based on a "credible allegation of fraud,"[2] pursuant to 42 C.F.R. § 455.23(a)(1).   HSD also informed Consolidated Plaintiffs that they could request an administrative records review within twenty days of the notification, and that the suspension would be "temporary" as described in 42 C.F.R. § 455.23(c).

      Consolidated Plaintiffs claim that HSD did not adequately inform them about the nature of the allegations or grounds for suspension, despite being required to "[s]et forth the general

---

[1] The following factual background comes from Consolidated Plaintiffs' allegations in their respective complaints, which are nearly identical with regard to the claims relevant to the Motion to Dismiss. (Docs. 48, 49, 50, 51, 52, and 53); _Families & Youth, Inc. v. Human Servs. Dep't, et al._, No. 1:15-cv-00023-KG-SMV, (Doc. 37); _Border Area Mental Health Servs., Inc. v. Human Servs. Dep't et al._, No. 1:15-cv-651-KG-SMV, (Doc. 1-1) at 1–11; _The Counseling Center, Inc. v. Human Servs. Dep't et al._, No. 2:15-cv-00652-KG-SMV, (Doc. 1-1) at 1–12; _Easter Seals El Mirador v. Human Servs. Dep't et al._, No. 1:15-cv-00739-KG-SMV, (Doc. 1-2) at 1–13.

[2] "A credible allegation of fraud may be an allegation, which has been verified by the State, from any sources, including but not limited to the following: (1) Fraud hotline complaints. (2) Claims data mining. (3) Patterns identified through provider audits, civil false claims cases, and law enforcement investigations. Allegations are considered to be credible when they have indicia of reliability and the State Medicaid agency has reviewed all allegations, facts, and evidence carefully and acts judiciously on a case-by-case basis."   42 C.F.R. § 455.2.

allegations as to the nature of the suspension action . . . ." 42 C.F.R. § 455.23(b)(2)(ii).   As a result, Consolidated Plaintiffs claim they were unable to meaningfully respond, verify, or rebut the allegations.

Consolidated Plaintiffs further assert that federal regulations require HSD to provide an "administrative review" of a payment suspension, when state law so requires.   42 C.F.R. § 455.23(a)(3).   The MAD 335 Provider Participation Agreement also incorporates this review requirement.   While "administrative review" is not defined in HSD's regulations applicable to Medicaid payment suspensions, Consolidated Plaintiffs contend that it should include a "provider hearing," as described in N.M.A.C. § 8.353.2.9, in order to ensure Consolidated Plaintiffs receive proper notice and an opportunity to be heard regarding the payment suspensions.

On November 6, 2014, Plaintiff SWCC filed its First Amended Complaint for Declaratory Judgment, Violation of 42 U.S.C. § 1983, Breach of Contract, and Violation of the Inspection of Public Records Act in the First Judicial District Court in the County of Santa Fe, New Mexico ("State District Court") against the State of New Mexico, HSD, and the Office of the Attorney General for the State of New Mexico (the "State Defendants"), contesting the propriety of the determination that there were "credible allegations of fraud" and, therefore, a basis for suspending the Medicaid payments.   (Doc. 1-12).   SWCC also alleged that HSD's suspension of the Medicaid payments for an indefinite period, without affording SWCC administrative review, amounts to a denial of SWCC's rights under the law and a breach of the MAD 335 Provider Participation Agreement.   *Id*.   Subsequently, the State Defendants removed the action to this Court, where it was consolidated with several other similar cases involving the non-profit organizations named above, whose Medicaid payments were also suspended based on a "credible allegation of fraud" as defined in 42 C.F.R. § 455.23.   (Doc. 1); (Doc. 28); (Doc. 57).

The remainder of Consolidated Plaintiffs then either filed or amended their individual complaints (collectively, the "Complaints") to also include claims under 42 U.S.C. § 1983 against individual state actors, including current HSD Secretary Brent Earnest, former HSD Secretary Sidonie Squier, and Deputy Director of the Medical Assistance Division of HSD Mark Pitcock (the "Individual Defendants").   (Doc. 47); (Docs. 48, 49, 50, 51, 52, and 53); *Families & Youth, Inc.*, No. 1:15-cv-00023-KG-SMV, (Doc. 37) at 9–10; *Border Area Mental Health Servs., Inc.*, No. 1:15-cv-651-KG-SMV, (Doc. 1-1) at 1–11; *The Counseling Center, Inc.*, No. 2:15-cv-00652-KG-SMV, (Doc. 1-1) at 1–12; *Easter Seals El Mirador*, No. 1:15-cv-00739-KG-SMV, (Doc. 1-2) at 1–13.   As the basis for these claims, Consolidated Plaintiffs all allege that, by withholding Medicaid payments indefinitely without properly determining whether there is a "credible allegation of fraud" and without proper administrative review, the Individual Defendants violated Consolidated Plaintiffs' federal statutory rights under 42 C.F.R. §§ 455.1–.3, 455.12–.23 and constitutional rights under the Fourteenth Amendment.

In addition, each complaint alleges one or more state law claims, which: (1) seek a declaratory judgment as to whether Consolidated Plaintiffs are entitled to an administrative review and a provider hearing under 42 C.F.R. § 455.23, pursuant to New Mexico's Declaratory Judgment Act; (2) seek damages for the State Defendants' breach of the MAD 335 Participating Provider Agreement; and (3) allege a violation of New Mexico's Inspection of Public Records Act for failure to produce public records regarding grounds for the payment suspension.   *Id*.   Defendant HSD now moves to dismiss Consolidated Plaintiffs' Section 1983 claims against the Individual Defendants.

Procedurally, three of the Consolidated Plaintiffs, Border Area Mental Health Services, Inc., The Counseling Center, Inc., and Easter Seals El Mirador, joined this case on October 6,

2015, after HSD filed the instant Motion to Dismiss.   (Doc. 57).   In their respective complaints, all three of these organizations similarly allege that the Individual Defendants violated their federal statutory rights under 42 C.F.R. §§ 455.1–.3, 455.12–.23 and their constitutional rights under the Fourteenth Amendment, and seek damages for the violations of their rights pursuant to Section 1983.   *Border Area Mental Health Servs., Inc.*, No. 1:15-cv-651-KG-SMV, (Doc. 1-1) at 9–10; *The Counseling Center, Inc*, No. 2:15-cv-00652-KG-SMV, (Doc. 1-1) at 10; *Easter Seals El Mirador*, No. 1:15-cv-00739-KG-SMV, (Doc. 1-2) at 10–11.   Because these lawsuits were consolidated with this action and allege Section 1983 claims identical to those challenged in the Motion to Dismiss, the Court construes the Motion to Dismiss as seeking dismissal of all Consolidated Plaintiffs' Section 1983 claims against the Individual Defendants.

### B. *The Motion to Dismiss*

On September 24, 2015, HSD filed its Motion to Dismiss on behalf of the Individual Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   (Doc. 54).   In the Motion, HSD asks this Court to dismiss Consolidated Plaintiffs' claims against the Individual Defendants under 42 U.S.C. § 1983 on the ground that Consolidated Plaintiffs' have failed to state a claim upon which relief can be granted.   First, HSD maintains that Consolidated Plaintiffs fail to establish either federal statutory or constitutional rights which are actionable under Section 1983. Second, HSD argues that, even if the Court finds the Individual Defendants violated Consolidated Plaintiffs' statutory or constitutional rights, those rights were not clearly established at the time of the violation and, therefore, the Individual Defendants are entitled to qualified immunity.

Consolidated Plaintiffs respond that the Individual Defendants have violated their federal statutory rights under 42 C.F.R. §§ 455.1–.3, 455.12–.23, which are enforceable under Section 1983.   In addition, by virtue of the language in the regulations themselves, Consolidated Plaintiffs

argue that those rights were clearly established at the time the Individual Defendants violated them, and therefore the Individual Defendants are not entitled to qualified immunity.   However, Consolidated Plaintiffs concede that their alleged Fourteenth Amendment right was not clearly established at the time Individual Defendants violated that right, and therefore the Individual Defendants are entitled to qualified immunity on that claim.   (Doc. 59) at 2 n.2.   As a result, Consolidated Plaintiffs ask the Court to deny the Motion to Dismiss as to their claims under 42 C.F.R. §§ 455.1–.3, 455.12–.23 and Section 1983.

In the alternative, Consolidated Plaintiffs ask the Court to defer decision on the Motion to Dismiss and allow Consolidated Plaintiffs to conduct discovery concerning the Individual Defendants' involvement in determining that there were "credible allegations of fraud" on the part of Consolidated Plaintiffs.   (Doc. 59) at 11.   Consolidated Plaintiffs have already requested leave to conduct discovery on these issues in a separate Opposed Motion to Stay Decision on Defendant's Motion to Dismiss or for Summary Judgment filed on December 9, 2015.   (Doc. 62). The Court denied that request, and ordered that all discovery be stayed pending the Court's resolution of the Motion to Dismiss.   (Doc. 68).   Thus, the only issue currently before the Court is whether Consolidated Plaintiffs have stated a claim upon which relief can be granted as to their Section 1983 claim under 42 C.F.R. §§ 455.1–.3, 455.12–.23.

## II.   Standard of Review

In reviewing a Rule 12(b)(6) motion asserting a failure to state a claim upon which relief can be granted, a Court must accept all well-pleaded allegations as true and must view them in a light most favorable to the plaintiff.   *Zinermon v. Burch,* 494 U.S. 113, 118 (1990).   Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and formulaic recitation of the elements of a cause of action.   *See*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   To survive a 12(b)(6) motion to dismiss, a complaint does not need to include detailed factual allegations, but "factual allegations must be enough to raise a right to relief above the speculative level."   *Id.*   In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face."   *Id.* at 570.

## III.   Discussion

A civil rights action pursuant to Section 1983 may be brought against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitutional and laws."   42 U.S.C. § 1983 (1996).   Section 1983 generally provides a cause of action for violations of federal statutes, "unless (1) 'the statute [does] not create enforceable rights, privileges, or immunities within the meaning of § 1983,' or (2) 'Congress has foreclosed such enforcement of the statute in the enactment itself.'"   *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508–09 (1990) (citing *Wright v. Roanoke Redevelopment and Housing Authority,* 479 U.S. 418, 423 (1987)).   Indeed, "'[s]ection 1983 speaks in terms of *rights*, privileges, or immunities, not violations of federal law.'"   *Id*. at 509 (citing *Golden State Transit Corp. v. Los Angeles,* 493 U.S. 103, 106 (1989)).

In determining whether the regulations regarding Medicaid state plan requirements for program integrity set out in 42 C.F.R. §§ 455.12–23 create federal rights enforceable under Section 1983, the Court must consider whether these provisions were intended "to benefit the putative plaintiff."   *Id*. (internal citations omitted).   Consolidated Plaintiffs maintain that the regulations set forth in 42 C.F.R. §§ 455.1–.3, 455.12–.23 confer federal statutory rights enforceable under Section 1983, on the basis that the regulations were clearly intended to benefit

Medicaid providers by protecting them from abuse of power and arbitrary payment suspensions, and that those rights were clearly established at the time of the violation.   In this District, however, the Honorable William P. Johnson has already found that the regulations do not.   *See New Mexico Psychiatric Servs. Corp. v. New Mexico*, No. CV 15-00422 WJ/SMV, 2016 WL 2995757 (D.N.M. Mar. 11, 2016); *Morrow v. New Mexico*, No. CV 15-00026 WJ/WPL, 2016 WL 2995634 (D.N.M. Mar. 11, 2016).   This Court agrees.   The provisions set out in 42 C.F.R. §§ 455.1–.3, 455.12–.23 "set[ ] forth requirements for a State fraud detection and investigation program" and "provide[ ] State plan requirements for the identification, investigation, and referral of suspected fraud and abuse cases."   42 C.F.R. § 455.1.   There is nothing indicating that the regulations were intended to benefit and protect the Consolidated Plaintiffs as individual healthcare providers.

Indeed, the regulations require that a State Medicaid agency "have . . .   [m]ethods of investigating [fraud] cases that . . . (1) [d]o not infringe on the legal rights of the persons involved; and (2) [a]fford due process of law. . . ."   42 C.F.R. § 455.13.   However, as Judge Johnson explains, while this language may be designed to protect providers from arbitrary investigations, it "is merely an incidental benefit and does not suggest that [Consolidated Plaintiffs] [are] the intended beneficiaries of the regulations."   *New Mexico Psychiatric Servs. Corp.*, 2016 WL 2995757, at *3.   Instead of establishing rights for individual providers, "the regulations 'facilitate[ ] federal oversight of state Medicaid programs' and ensure that the State has a method to verify whether services reimbursed by Medicaid providers were actually furnished to beneficiaries." *Id*. (citing *San Lazaro Ass'n, Inc. v. Connell*, 286 F.3d 1088, 1098 (9th Cir. 2002)).

Moreover, to the extent the regulations contain "rights-creating" language, there is significant authority that such language in regulations, alone, may not create a private cause of

action or a federally protected right.   The United States Supreme Court has stated that "language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001).   The Tenth Circuit has also recognized that "[the Supreme Court] will rarely recognize an implied private cause of action arising from a mere regulation," and that a regulation that contains rights creating language cannot create a right that Congress has not created through enactment of a statute. *Hanson v. Wyatt*, 552 F.3d 1148, 1157 (10th Cir. 2008); *see McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, No. CIV-11-1106-M, 2012 WL 5954193, at *2 (W.D. Okla. Nov. 28, 2012), *aff'd sub nom. McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149 (10th Cir. 2014).

Consolidated Plaintiffs argue that *Hanson* does not address private causes of action under Section 1983, and, as a result, is not instructive in this case.   Consolidated Plaintiffs are correct that both *Alexander* and *Hanson* address implied private causes of action arising from a regulation, and not claims under Section 1983.   However, the Supreme Court has made clear that "[a] court's role in discerning whether personal rights exist in the § 1983 context should . . . not differ from its role in discerning whether personal rights exist in the implied right of action context." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002); *see Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003) (concluding that, based on Supreme Court precedent, agency regulations cannot independently create rights enforceable through Section 1983).   Certainly, the underlying inquiry with regard to whether there exists an implied private cause of action or a private cause of action under Section 1983 is the same: "whether or not *Congress* intended to confer individual rights upon a class of beneficiaries." *Gonzaga*, 536 U.S. at 285 (emphasis added).

Here, Consolidated Plaintiffs point to no statutory "rights creating" language directed at

Medicaid providers and rely completely on the language in the regulations.   Upon review of the statutory basis for the regulations, the Medicaid Act, 42 U.S.C. § 1396b(i)(2)(C), it appears that there is no such language.   Without any statutory rights-creating language, the regulations alone cannot confer federal statutory rights enforceable under Section 1983.

In sum, Consolidated Plaintiffs' Section 1983 claims against the Individual Defendants fail.   First, Consolidated Plaintiffs have not demonstrated that the regulations forming the basis of their claims were intended to benefit and protect healthcare providers.   Second, even if there were rights-creating language in the regulations cited by Consolidated Plaintiffs, language in the regulations, alone, cannot create rights which Congress has not authorized.   Because Consolidated Plaintiffs point to no rights creating language in the Medicaid Act, there is no such authorization.   While the Court is mindful of the troubling nature of the allegations, the Court cannot "permit anything short of an unambiguously conferred right to support a cause of action brought under § 1983." *Gonzaga*, 536 U.S. at 283.   Therefore, Consolidated Plaintiffs have failed to state Section 1983 claims upon which relief may be granted.   Accordingly, the Court will not address the Individual Defendants' remaining qualified immunity defense, and will grant the Motion to Dismiss.   (Doc. 54).

## IV.   Supplemental Jurisdiction: Consolidated Plaintiffs' Remaining Claims

Having determined that Consolidated Plaintiffs' claim for damages under 42 U.S.C. § 1983 should be dismissed, the Court will address Consolidated Plaintiffs' remaining state law claims. Consolidated Plaintiffs' remaining claims rest entirely on New Mexico State Law, specifically under The New Mexico Declaratory Judgment Act, state contract law, and New Mexico's Inspection of Public Records Act, respectively.   Under 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state claims if "the district court

has dismissed all claims over which it has original jurisdiction."   The Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [supplemental] jurisdiction . . . ."   *Brooks v. Gaenzle,* 614 F.3d 1213, 1229 (10th Cir. 2010).   "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."   *Thatcher Enterprises v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Here, the interests of judicial economy, convenience, fairness, and comity would not be served by retaining supplemental jurisdiction over Consolidated Plaintiffs' state law claims.   *Id.* Taking into consideration those factors, and following Tenth Circuit precedent, the Court declines to exercise supplemental jurisdiction over those claims.   Consequently, the Court will remand the remainder of each of these cases to the First Judicial District Court, County of Santa Fe, State of New Mexico.

## V.    Conclusion

IT IS THEREFORE ORDERED that:

(1)  Defendant HSD's Motion to Dismiss (Doc. 54) be GRANTED;

(2)  Consolidated Plaintiffs' claims against Individual Defendants Squier, Earnest, and Pitcock under 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE; and

(3)  Consolidated Plaintiffs' remaining state law claims be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

UNITED STATES DISTRICT JUDGE

11